## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

DANIEL SALDIVAR, MICHAEL
WOLFE, ZURRELL HERNANDEZ,
CHRISTOPHER HICKS, RONNIE
SMITH II, LARRY PRUITT, ROBERT
D. JOHNSON.,

          Plaintiff,

v.

DEPARTMENT OF CORRECTIONS
DIRECTOR, SCOTT CROW, in his
official and individual capacities;
JOHN/JANE DOE I, II, III, IV,
(Employees/ Agents of GPCC/DOC), in
their official and individual capacities;
JOHN/JANE DOE V, VI, (Shift
Supervisors and Administrators of
GPCC), in their official and individual
capacities,

          Defendant.

**CASE NO. CIV-24-442-PRW
(Removed from Oklahoma County
District Court Case No: CJ-2024-2320)**

## **DEFENDANTS' MOTION TO DISMISS AND BRIEF IN SUPPORT**

Defendants, Oklahoma Department of Corrections (ODOC) and Steve Harpe[1] (Harpe), in his individual and official capacities, respectfully move to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for the reason that the Complaint [Doc. 1-2] fails to state a claim upon which relief can be granted.

---

[1] Steve Harpe is the current Department of Corrections Director, and is therefore automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

## STATEMENT OF THE CASE

Plaintiffs are various inmates in the custody of Oklahoma Department of Corrections (ODOC) who were at one point housed at the Great Plains Correctional Center (GPCC). Plaintiffs each claim that at some point during their time at GPCC, they suffered unlawful treatment at the hand of unnamed employees of ODOC. Plaintiffs now bring this suit against ODOC and Defendant Joseph Harpe, the Director of ODOC, in both his individual and official capacities.  Specifically, Plaintiffs claim Violation of Section 1981 (Count I) against Harpe in his individual capacity, Violation of the 8th and 14th Amendments through Section 1983 against Harpe in his individual capacity (Count I), and "Supervisory Liability" against Harpe in his individual capacity (Count II). Plaintiffs also seek declaratory and injunctive relief against Defendant Harpe in his official capacity, requesting this Court affirm a breach of constitutional rights. Complaint at 97. It is unclear what claims Plaintiffs are alleging against ODOC.  For the reasons set forth below, Plaintiffs' Complaint should be dismissed.

## STANDARD OF REVIEW

A complaint should be dismissed for failure to state a claim upon which relief can be granted when "it appears that the plaintiff can prove no set of facts in support that would entitle him to relief, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quoting *Yoder v. Honeywell*, Inc., 104 F.3d 1215, 1224 (10th Cir. 1997)). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is

legally sufficient to state a claim for which relief may be granted." *Id.* (quoting *Sutton v. Utah State School for the Deaf & Blind*, 173 F.3d 1226 (10th Cir. 1999)).

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." The required "short and plain statement" must provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), (overruled on other grounds, *Twombly*, 550 U.S. at 562-563)). In order to show an "entitlement to relief" a plaintiff must plead "more than labels and conclusions … ." *Twombly*, 550 U.S. at 555. The initial pleading must contain "[f]actual allegations [which are sufficient] to raise a right to relief above the speculative level." *Id.* In other words, the complaint must allege "enough facts to state a claim to relief that is plausible on its face[ ]" not just conceivable. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556); *see also Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th Cir. 2010). Plaintiff must do more than make allegations of such a broad scope that they "encompass a wide swath of conduct, much of it innocent." *Robbins*, 519 F.3d at 1247. Mere recitations of elements and "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

**PROPOSITION I:  PLAINTIFF FAILS TO STATE A CLAIM AGAINST DEFENDANT HARPE IN HIS INDIVIDUAL CAPACITY.**

Plaintiffs allege that Defendant Harpe violated their constitutional rights, specifically their Eighth and Fourteenth Amendment rights, when, among other things, they allege they

were housed in shower stalls for extended confinement. However, Plaintiffs Wolfe, Pruitt, Hernandez, and Hicks each fail to allege enough information in the Complaint to satisfy *Twombly*. Plaintiff Wolfe fails to state any facts showing when his alleged injuries occurred, only that he was locked in a shower in "August." [Doc. 1-2, at paragraph 39]. Plaintiff Pruitt only alleges that he "experienced severe mistreatment," but no dates or other defining facts are alleged which would give notice to what events Plaintiff Pruitt is referring to. [Doc. 1-2, at 47-50]. Plaintiff Hernandez similarly claims he faced mistreatment but provided no dates or other defining facts. [Doc. 1-2, at 41-44]. Plaintiff Hicks claims he was locked in a shower in "August" as well but provides no other facts to indicate when such an event would have occurred. [Doc. 1-2, at 43]. Without any other information, Plaintiffs have failed to state a claim against Defendant Harpe and their Complaint should therefore be dismissed in its entirety, as Defendant Harpe cannot even determine when these events occurred, nor what the events consisted of. Such bare boned conclusory allegations, without any supporting facts, are insufficient to allow the court to draw the reasonable inference that the Defendant Harpe is liable for the misconduct alleged.

Regardless, Plaintiffs fail to allege that Defendant Harpe personally engaged in any activity that resulted in a constitutional violation. Defendant Harpe is merely named as Defendant due to his role as the Director of DOC. *See* [Doc. 1-2]. As a general rule, "[i]ndividual liability under [42 U.S.C.] 1983 must be passed on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) (citing *Grimsley v. Mackay*, 93 F.3d 676, 679 (10th Cir. 1996)); *Bennet v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) ("Personal participation is an essential allegation in a Section 1983 claim."

(citations omitted)). *See Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") (internal quotation marks omitted). A plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the constitution. *Aschcroft v. Iqbal*, 556 U.S. 662, 676 (2009). There must be an affirmative link between the alleged constitutional violation and the defendant's own participation or failure to supervise. *Serna v. Colorado Dept. of Corrections*, 455 F.3d 1146, 1151-52 (10th Cir. 2006). Government officials have no vicarious liability in a Section 1983 suit for the misconduct of their subordinates, such as prison staff, because "there is no concept of strict supervisory liability under section 1983." *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996). In other words, Section 1983 does not authorize liability under a theory of respondeat superior.

Similarly, in order to survive a motion to dismiss, it is important "that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against…[him], as distinguished from collective allegations against [defendants as a group." *Robbins v. State of Okla. et al.,* 519 F.2d 1242, 1250 (10th Cir. 2008). Plaintiffs' claims must fail because Plaintiffs have failed to allege that Harpe personally participated in any constitutional violation. Plaintiff's Complaint is completely devoid of any specific allegations of conduct or actions taken by Defendant Harpe. Plaintiffs simply state generic conclusions, lumping Harpe in with every other (unidentified) Defendants. For example, Plaintiff alleges "Defendants showed deliberate indifference…" and "Defendants…knew or should have known…" but these conclusory statements alone do not give rise to personal participation. Plaintiff never identifies Harpe as taking any particular

action or inaction. Harpe cannot reasonably be expected to identify any claims against him which supposedly gives rise to any constitutional liability, thereby making Plaintiffs' Complaint subject to dismissal under Rule 8(a)(2) of the Federal Rules of Civil Procedure.

**PROPOSITION II:    PLAINTIFF HAS FAILED TO STATE A CLAIM FOR SUPERVISORY LIABILITY.**

Plaintiffs bring Count II, named "Supervisory Liability," against "Supervisory Officials." [Doc. 1-2, at 13]. However, Plaintiffs do not define who is considered a "Supervisory Official." To the extent Plaintiffs bring this claim against Defendant Harpe, as stated above, Section 1983 does not authorize liability under a theory of respondeat superior. *See Jenkins*, 81 F.3d at 994. Plaintiffs cannot show any personal participation by Defendant Harpe to any violation of constitutional rights. As Plaintiff cannot show personal participation, Count II of Plaintiff's Complaint must be dismissed. Additionally, ODOC is not a person under Section 1983 as outlined below, and similarly cannot be held liable.

**PROPOSITION III:    PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST ODOC.**

Plaintiff named ODOC in their caption, and even served ODOC. *See* [Doc. 1-2]. However, the Complaint itself makes no mention of ODOC, and no allegations against ODOC. Even when introducing the Defendants in the opening paragraph, Plaintiffs do not name ODOC. [Doc. 1-2, at p. 1].

However, ODOC is immune from lawsuit. The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state...." U.S. CONST. amend. XI. The Eleventh Amendment has been interpreted to prevent

private individuals from suing a state in federal court. *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). Eleventh Amendment immunity also extends to "arms of the states." *N. Ins. Co. of New York v. Chatham Cnty.*, 547 U.S. 189, 193 (2006). ODOC is an arm of the state. *Eastwood v. Dept. of Corr. of State of Okla.*, 846 F.2d 627, 631-32 (10th Cir. 1988).

A plaintiff can only sue "persons" under 42 U.S.C. § 1983. States or their agencies are not "persons" for § 1983 purposes. *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 618 (2002); *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 66 (1989). A suit against a state official in their official capacity is the same as suing that official's employing entity, and should "be treated as a suit against the entity." *Kentucky v. Graham*, 472 U.S. 159, 165-66 (1985). Therefore, a plaintiff cannot obtain money damages against a person acting in their official capacity under § 1983, and the Eleventh Amendment protects officials against such suits. *Id.* at 169.

States may waive their Eleventh Amendment immunity, or Congress may abrogate that immunity in some instances. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). Oklahoma has not waived Eleventh Amendment immunity. OKLA. STAT. ANN. tit. 51, § 152.1(B) (2012). Congress has not abrogated Eleventh Amendment immunity through § 1983. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). *Ex Parte Young* creates a narrow exception that the Eleventh Amendment generally does not bar a suit against a state official in federal court which seeks only prospective equitable relief for violations of federal law, even if the state is immune. This is because "if a state official violates federal law, he is stripped of his official or representative character and may be liable for his conduct." Coeur d'Alene Tribe, 521 U.S. at ----, 117 S.Ct. at 2043 (1997). However, Plaintiff's

claims against ODOC itself for injunctive relief must be dismissed, as ODOC is immune from liability.

**PROPOSITION IV:        PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER SECTION 1981.**

Plaintiff also appears to bring a Section 1981 claim against Harpe. [Doc. 1-2]. To establish a prima facie case of discrimination under Section 1981, a plaintiff must show (1) membership in a protected class; (2) that the defendants had the intent to discriminate on the basis of races; and (3) that the discrimination interfered with a protected activity as defined in 1981. *Hampton v. Dillard Dep't Stores, inc.,* 247 F.3d 1091, 1102 (10th Cir. 2001). Section 1981 prohibits racial discrimination in 'the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. 1981.

Plaintiff has not even alleged the elements of a Section 1981 claim. Therefore, these claims should be dismissed.

**PROPOSITION V:        PLAINTIFFS DO NOT ALLEGE EXHAUSTION.**

The Prison Litigation Reform Act ("PLRA") provides "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). Thus, a prisoner cannot sue concerning prison conditions without first exhausting all available administrative remedies. *Booth v. Churner*, 532 U.S. 731, 733-34 (2001); 42 U.S.C. § 1997e(a).  Exhaustion is required for all inmates seeking relief in federal district court regardless of the type of relief available under

the institutional administrative procedure. *Woodford v. Ngo,* 548 U.S. 81 (2006); *Booth,* 532 U.S. at 741.

To properly exhaust, the prisoner must comply "with an agency's deadlines and other critical procedural rules...." *Ngo*, 548 U.S. at 90. "Simply presenting a defective or non-complying grievance...does not constitute exhaustion of remedies." *Brewer v. Mullin*, 130 F.App'x 264, 265 (10th Cir. 2005) (not selected for publication). Prisoners must exhaust remedies, even if doing so seems futile. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). A prisoner must timely exhaust every step of a prison system's grievance procedure in full compliance with the procedure's requirements; partial compliance is not sufficient. *Id.* Courts will only excuse failure to exhaust if prison officials impede the prisoner's attempts. *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010). The prisoner must complete the grievance process or there is no exhaustion of administrative remedies. *Id.* Plaintiffs fail to allege proper exhaustion of the grievance process, and therefore their Complaint must be dismissed.

**PROPOSITION VI:     PLAINTIFFS ARE NOT ENTITLED TO INJUNCTIVE RELIEF.**

Plaintiffs ask the Court to determine if they entitled to declaratory and injunctive relief. Plaintiffs specifically ask this Court to declare that Defendant Harpe violated his federal rights. However, Plaintiff has failed to state a claim for a constitutional violation against Defendant Harpe. Since there is no ongoing constitutional violation, Plaintiff's request for injunctive and declaratory relief must accordingly be denied. *Green v. Mansour*, 474 U.S. 64 (1985).

**PROPOSITION VII:       DEFENDANT HARPE IS ENTITLED TO QUALIFIED IMMUNITY.**

A public official or employee is entitled to qualified immunity unless "clearly established" federal rights of which a reasonable person would have known are shown to have been violated. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991). "Clearly established" is predicated on a finding that in light of pre-existing law the unlawfulness is apparent. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Qualified immunity is an entitlement not to stand trial or face the burdens of litigation. It is an immunity from suit rather than a mere defense to liability. *Mitchell v. Forsyth,* 472 U.S. 511, 527 (1985). It is effectively lost if a case is erroneously permitted to proceed to trial. *Hannula v. City of Blakely,* 907 F.2d 129, 130 (10th Cir. 1990).

Once a defendant asserts the defense of qualified immunity, the burden shifts to the plaintiff to demonstrate that (1) the defendant violated one of his constitutional rights, and (2) the right in question was clearly established at the time of the allegedly unlawful activity such that "every reasonable official would have understood that what he [was] doing" violated the law. *Morris v. Noe,* 672 F.3d 1185, 1191 (10th Cir. 2012). The court has discretion to decide which of the two prongs of the qualified immunity analysis to address first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

"[I]n order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Medina v. City and County of Denver,* 960 F.2d 1493, 1498 (10th Cir. 1992). The contours of the invoked right must be sufficiently clear such that objectively reasonable state officers would understand that what they are doing violates that right. *Roska ex rel. Roska v. Peterson,* 328 F.3d 1230, 1247 (10th Cir.

2003). "[T]he touchstone of [this] inquiry is whether the officers [were] on notice [that] their conduct [was] unlawful." *Id.* at 1248 (citations and quotations omitted). Thus, if the plaintiff has alleged a constitutional violation and has met his burden to establish that the law on the subject is clearly established, plaintiff must further show that a reasonable official would have known that his actions would violate clearly established law.

> In considering the "reasonable state actor," we must keep in mind that qualified immunity precludes the imposition of liability for 'all but the *plainly incompetent* or those who knowingly violate the law.' *Malley v. Briggs,* 475 U.S. 335, 341 (1986) (emphasis added). Where "officers of reasonable competence could disagree on th[e] issue, immunity should be recognized." *Id. at 341.*

*Id.* at 1251.

In *Mullenix v. Luna*, 577 U.S. 7 (2015), the Supreme Court reiterated that the question of qualified immunity turns on whether the unconstitutionality of "particular conduct" in a "specific context" is clearly established. *Id.* at 11-12. The Supreme Court also reiterated that clearly established law should not be defined at a high level of generality. *Id.*

As more fully set forth above, Plaintiff can't meet his burden of demonstrating that Defendant Harpe violated his constitutional rights. Defendant is entitled to qualified immunity.

## <u>CONCLUSION</u>

Based upon the foregoing, Plaintiffs have failed to state a claim upon which relief can be granted. As a result, even allowing Plaintiffs to amend their Complaint would be futile. Plaintiff's Complaint should be dismissed in its entirety.

Respectfully submitted,


/s/ Lauren Ray
**LAUREN RAY, OBA# 22694**
**LEXIE P. NORWOOD, OBA#31414**
Assistant Attorney General
Oklahoma Attorney General's Office
Litigation Section
313 NE 21st Street
Oklahoma City, OK 73105
T: (405) 521-3921  |  F: (405) 521-4518
Email: lauren.ray@oag.ok.gov
Email: lexie.norwood@oag.ok.gov
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day May 2024, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing. I further that a true and correct copy of the foregoing document was sent to the following who is an ECF registered participant:

Richard Labarthe, OBA 11393
LABARTHE & TARASOV
6303 N. Portland Ave., Suite 210
Oklahoma City, OK 73112
Richard@labarthelaw.com
*Attorney for Plaintiff*

Alexey Tarasov, OBA 32926
LABARTHE & TARASOV
330 W. Gray Street, Suite 208
Norman, OK 73069
Alexey@tarasovlaw.com
*Attorney for Plaintiff*


/s/ Lauren J. Ray
Lauren Ray