IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANIEL SALDIVAR, MICHAEL WOLFE, ZURRELL HERNANDEZ, CHRISTOPHER HICKS, RONNIE SMITH II, LARRY PRUITT, ROBERT D. JOHNSON., <br><br>    Plaintiff, <br><br>v. <br><br>DEPARTMENT OF CORRECTIONS DIRECTOR, SCOTT CROW, in his official and individual capacities; JOHN/JANE DOE I, II, III, IV, (Employees/ Agents of GPCC/DOC), in their official and individual capacities; JOHN/JANE DOE V, VI, (Shift Supervisors and Administrators of GPCC), in their official and individual capacities, <br><br>    Defendants. | **Case No. 24-cv-442-PRW** <br><br>**(Removed from Oklahoma County District Court Case No: CJ-2024-2320)** |

**DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

Defendants, Oklahoma Department of Corrections ("ODOC") and Steve Harpe ("Harpe") (collectively Defendants), submit their Reply to Plaintiff's Response [Doc. 7] to Defendants' Motion to Dismiss [Doc. 6].

1. **Plaintiffs has failed to state a claim against Defendant Harpe in his Individual Capacity.**

In their Response [Doc. 7], Plaintiffs again rely on the theory of supervisory liability. Plaintiffs cite the elements for supervisory liability using caselaw in which city employees had been sued. [Doc. 7, p. 8]. However, Plaintiffs have sued a *state* official. In order to have

personal liability against a state official under Section 1983, a plaintiff must show personal participation. Plaintiffs have failed to do so. Plaintiffs claim the caselaw provided by Defendants are not relevant to this suit as the fact pattern differs from the ones here. However, the basic principle remains the same even under differing fact patterns: supervisory status alone does not create 1983 liability. *Duffield v. Jackson*, 545 F.3d 1124, 1239 (10th Cir. 2008). Personal participation is necessary for liability under Section 1983. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) ("Personal participation is an essential allegation in a 1983 claim.") Plaintiffs must "plead that each…defendant, through the official's own actions, has violated the Constitution." *Aschroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1948 (2009).

A supervisor can only incur liability for his or her own misconduct, not on the knowledge of wrongdoing by a subordinate. *Id.*, at 1949. Defendant Harpe is only listed in his individual capacity based on his role as Director of ODOC. This is abundantly clear in Plaintiff's Response: "Plaintiff here outlines numerous allegations against Defendant Harpe, highlighting his supervisory liability…"; and "As ODOC director…" and Defendant Harpe "should have been aware…due to his role and responsibilities." This general knowledge due to Defendant's role as Director is not sufficient under 1983. [Doc. 7, p. 10]. To establish personal involvement, it is insufficient "merely to show [that the supervisor] was in charge of the other state actors who actually committed the violation." *Dodds,* 614 F.3d at 1195. A plaintiff "must plead that each Government-official defendant, *through the official's own individual actions*, has violated the Constitution. Plaintiffs have failed to do so here, as Plaintiff's Complaint is devoid of any claims that Defendant Harpe personally participated in any

constitutional violation. Plaintiffs' claims against Defendant Harpe in his individual personal capacity must be dismissed.

### 2. Plaintiffs have failed to state a claim against ODOC.

Plaintiffs do not even address Defendants' argument that ODOC is not mentioned in the Complaint, nor that it contains any allegations against ODOC. Plaintiffs have failed to state a claim against ODOC for anything, as Plaintiffs have not even addressed any action or inaction by ODOC.

Instead, Plaintiffs argue that ODOC has waived its immunity by removing this case to federal court. The caselaw makes it clear that there are two distinct elements to sovereign immunity. In *Lapides v. Bd of Regents of Univ. Sys. of Ga.,* 535 U.S. 613, (2002), the Supreme Court addressed waiver of forum sovereign immunity as to state law claims that were not barred under state statute by liability sovereign immunity and that could have been litigated against the state in state court prior to removal. *Id.* The Tenth Circuit has since specifically addressed the situation presented here left unanswered in *Lapides*. In *Lapides*, a state employee sued the state of Georgia in state court on state and federal law claims. *Lapides*, 535 U.S. at 616. The Georgia defendants removed the case to federal court and sought dismissal. *Id.* Doing so, the state defendants specifically "conced[ed] that a [Georgia] state statute had waived sovereign immunity from state-law suits in federal court, [yet] argued that, by virtue of the Eleventh Amendment, it remained immune from suit in federal court." *Id.* at 616-17. The Supreme Court granted certiorari "to decide whether a state waives its Eleventh Amendment immunity by its affirmative litigation conduct when it removes a case to federal court." *Id.* at 617. In doing so, the Supreme Court specifically emphasized:

> It has become clear we must limit our answer to the context of state-law claims, in respect to which the State has explicitly waived immunity from state-court proceedings.

*Id.* The Court explained "because *Lapides*' only federal claim against the State" was invalid under 42 U.S. 1983, the case did "not present a valid federal claim against the State." *Id.* Only state-law claims remained, and the defendants conceded those state-law claims would have been barred by the Georgia state statute waiving immunity in state court. *Id.* In *Lapides* the Supreme Court specifically declined to "address the scope of waiver by removal in a situation where the State's underlying sovereign immunity from suit has not been waived or abrogated in state court." *Id.* at 617-18 (emphasis added). That is the situation here.

Then in *Trant v. Oklahoma*, 754 F.3d 1158, 1172-74 (10th Cir. 2014), the Tenth Circuit distinguished a state's waiver of immunity from suit, through removal, versus waiver or immunity from liability. In *Trant*, the Tenth Circuit explained:

> *Lapides* only tells half the story. A state enjoys another kind of sovereign immunity besides immunity from suit that it may invoke even after agreeing to removal-immunity from liability. Because immunity is an inherent aspect of sovereignty that the state retained upon entering the Union, *Alden v. Maine*, 527 U.S. 706, 713 (1999), it follows that state law should determine the nature and scope of a state's immunity.

*Id.* at 1172 (emphasis added). The *Trant* Court noted that while a state waives its immunity from the federal forum through removal, "nothing in *Lapides* suggests that a state waives any defenses it would have enjoyed in state court-including immunity from liability for particular claims." *Id.* at 1172-73 (quoting *Stroud v. McIntosh*, 722 F.3d 1294, 1302 (11th Cir. 2013), *cert denied*, -U.S._, 134 S.Ct. 958 (2014). The *Trant* Court further noted:

> Unlike effecting a waiver of immunity from suit through removal, however, "the stat's waiver or retention of a separate immunity from liability is not a matter in which there is an overriding federal interest justifying the application of a federal

~ 4 ~

rule." A state does not gain an unfair advantage asserting in federal court an affirmative defense it would have had in state court. 754 F.3d at 1173 (internal citation omitted). Accordingly, the Tenth Circuit "recognize[d] that a state may waive its immunity from suit in a federal forum while retaining its immunity from liability."

*Id.*

While ODOC may have consented to suit in the federal forum, it has not consented to liability. Additionally, ODOC is still not a "person" under 1983, and therefore cannot be sued under 1983. As stated in Defendant's Motion to Dismiss [Doc. 6], and acknowledged in Plaintiffs' Response [Doc. 7], there is a narrow exception to this rule under *Ex Parte Young,* regarding prospective injunctive relief, but this is not applicable here in Plaintiffs claims against ODOC. As such, Plaintiffs' claims against DOC must be dismissed.

### 3. Plaintiffs have failed to state a claim under 1981.

Defendants Motion to Dismiss Plaintiffs' claims under Section 1981 was based on Plaintiffs failing to allege even the bare minimum to state a prima facie case under 1981. *See* [Doc. 6]. Plaintiffs Response does not address the shortcomings in their Complaint, only stating that "a significant number of Plaintiffs are minorities and failing to address the other elements of a Section 1981 claim. *See* [Doc. 7]. In taking Plaintiffs' Complaint as true, Plaintiff's Complaint wholly fails to state a claim under Section 1981 and therefore must be dismissed.

### 4. Plaintiffs have failed to exhaust their administrative remedies.

Courts will only excuse failure to exhaust if prison officials impede the prisoner's attempts. *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010) ("Where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust."). Courts that have addressed this issue have only found hindrance where prison officials exceeded their

authority and rejected a grievance appeal in toto. *Little,* at 1250. Based on the rejection of a grievance, the Court found that the plaintiffs were unable to exhaust, as the final step of exhaustion was unavailable. *Id.* That is not the case here.

Here, Plaintiffs make vague and conclusory allegations about being "hindered." [Doc. 7, p. 17]. However, Plaintiffs do not ever state they even attempted to exhaust, nor that any prison official rejected any appeal "in toto." There was no allegations of denial of claims or misleading of the procedure. "Under the PLRA…and all other applicable law, the question is a simple one: Was there a procedure available?" *Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002). Here, there was a grievance process, but Plaintiffs failed to allege they attempted to utilize it, and were otherwise prevented from doing so. Therefore, Plaintiffs' claims must be dismissed.

**5. Plaintiffs have failed to state a claim for injunctive relief.**

Plaintiffs have not stated a claim for ongoing violation that would warrant injunctive relief. Though Plaintiffs' Complaint is scarce on the details, it appears the events complained of occurred in 2023. There are no allegations that any of these Plaintiffs are still housed in the shower, nor is there any allegations that since that time there have been housing in the shower. Determining whether a request for injunctive relief is prospective requires a "straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc., v. Pub. Serv. Comm'n*, 535 U.S. 635, 645, 122 S. Ct. 1753 (2002). Though Plaintiffs couch this as prospective relief, they are actually seeking to addressed alleged past harms. Therefore, Plaintiffs have not stated a claim for injunctive relief under *Ex Parte Young*, and their claims should be dismissed.

**6. Defendants are entitled to qualified immunity**

Plaintiffs have alleged no facts that would demonstrate that Defendant Harpe violated their constitutional rights, as addressed more fully in the Motion to Dismiss [Doc. 6]. Plaintiffs' Response [Doc. 7] does not remedy the Complaint, as there is no allegation that Defendant Harpe personally participated in any constitutional violations. Plaintiffs point to caselaw showing their plight was a violation of their constitutional rights. However, even if that were so, there are no allegations that Defendant Harpe personally participated. Defendant Harpe is entitled to qualified immunity.

## CONCLUSION

Based upon the foregoing, Plaintiffs have failed to state a claim upon which relief can be granted, failed to exhaust, and Defendant Harpe is entitled to qualified immunity. As a result, even allowing Plaintiffs to amend their Complaint at this point would be futile. Plaintiffs' Complaint should be dismissed in its entirety.

Respectfully submitted,

/s/ Lauren Ray
**LAUREN J. RAY, OBA#22694**
**LEXIE P. NORWOOD, OBA#31414**
Assistant Attorney General
Oklahoma Attorney General's Office
Litigation Division
313 NE 21st Street
Oklahoma City, OK 73105
T: (405) 521-3921 | F: (405) 521-4518
Email: Lauren.ray@oag.ok.gov
          Lexie.Norwood@oag.ok.gov
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day June 2024, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing. I further state that a true and correct copy of the foregoing document was sent using the Court's ECF System to all counsel of record who are registered participants.

/s/ Lauren J. Ray
Lauren Ray