IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DANIEL SALDIVAR et al.,** | ) |
| **Plaintiffs,** | ) ) ) |
| v. | ) ) Case No. CIV-24-442-PRW |
| **OKLAHOMA DEPARTMENT OF CORRECTIONS et al.,** | ) ) ) ) |
| **Defendants.** | ) ) |

## ORDER

Plaintiffs Daniel Saldivar, Michael Wolfe, Zurrell Hernandez, Christopher Hicks, Ronnie Smith II, Larry Pruitt, and Robert D. Johnson are convicted state prisoners who have filed a Complaint under 42 U.S.C. §§ 1981 and 1983, alleging various constitutional violations while incarcerated at the Great Plains Correctional Center (GPCC) in Hinton, Oklahoma. (ECF No. 1-2). The action was originally filed in Oklahoma County District Court, but it was removed to this Court by the only individually named Defendant, the Director of the Oklahoma Department of Corrections (ODOC), Steven Harpe. (ECF No. 1). Following the removal, Mr. Harpe and the ODOC filed a Motion to Dismiss on behalf of himself and the ODOC. (ECF No. 6). In the Motion, Defendants argue that "Plaintiffs do not allege exhaustion." (ECF No. 6:8-12).

Defendants correctly cite the law regarding exhaustion when they state that "exhaustion is required for all inmates seeking relief in federal district court regardless of the type of relief available under the institutional administrative procedure." (ECF No. 6:8-9) (citing *Woodford v. Ngo*, 548 U.S. 81 (2006)); *see* 42 U.S.C. § 1997e(a) ("No

1

action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). However, in *Jones v. Bock*, 549 U.S. 199, 216 (2007) the United States Supreme Court explicitly held that "failure to exhaust [administrative remedies] is an affirmative defense under the PLRA. . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." Thus, Defendant Harpe and the ODOC are not entitled to dismissal on the issue of non-exhaustion, because Plaintiffs are not required to allege the same in their Complaint.

That being said, because the present action arises under 42 U.S.C. § 1983, the Court must screen the complaint. *See* 28 U.S.C. § 1915A. To properly screen the complaint, and based on allegations in the Defendants' Motion which raise the affirmative defense of non-exhaustion of administrative remedies, and Plaintiffs' response, the Court must consider whether the Plaintiff has complied with 42 U.S.C. § 1997e(a). *See supra*. Accordingly, Defendants are directed to undertake an investigation and prepare a report with respect to: (1) the administrative remedies available to the Plaintiffs prior to the filing of the present action, and (2) whether the Plaintiff has exhausted these administrative remedies to the extent required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (2000). *See Sisney v. Wyandotte County Detention Center*, 166 F.3d 1222, 1999 WL 34815, Westlaw op. at 1 (10th Cir. Jan. 28, 1999) (unpublished op.) ("Upon remand, the district court may direct service upon Defendants and the submission of a report under *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), in order to allow the

district court to determine whether Plaintiff failed to exhaust administrative remedies."). The investigative report need not address the merits of the Plaintiffs' claims. Instead, the report is to address solely the issue of exhaustion of administrative remedies, as described more fully above. The filing of the investigative report and proof of service on Defendants is due no later than **July 11, 2024**.

Upon the filing of the report, within 30 days, Defendants Harpe and the ODOC may file a dispositive motion based on the affirmative defense of failure to exhaust administrative remedies if they so choose. If so, the motion will be considered as a motion for summary judgment and must be in compliance with procedural rules for summary judgment. *See* Fed. R. Civ. P. 56; LCvR 56.1; *see also* LCvR 56.1(a). Plaintiffs will have 30 days to respond to any such dispositive motion.

In light of this order, the Court **STRIKES** Defendants' Motion to Dismiss **(ECF No. 6)**, Plaintiffs' Response **(ECF No. 7)**, and Defendants' Reply **(ECF No. 8)**.

ENTERED on June 11, 2024.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE