IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANIEL SALDIVAR, MICHAEL WOLFE, ZURRELL HERNANDEZ, CHRISTOPHER HICKS, RONNIE SMITH II, LARRY PRUITT, ROBERT D. JOHNSON., <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF CORRECTIONS DIRECTOR, SCOTT CROW, in his official and individual capacities; JOHN/JANE DOE I, II, III, IV, (Employees/ Agents of GPCC/DOC), in their official and individual capacities; JOHN/JANE DOE V, VI, (Shift Supervisors and Administrators of GPCC), in their official and individual capacities, <br><br> Defendant. | **CASE NO. CIV-24-442-PRW** <br><br> **(Removed from Oklahoma County District Court Case No: CJ-2024-2320)** |

### DEFENDANTS' RESPONSE TO MOTION FOR DISCOVERY

Plaintiffs' request to conduct discovery against defendants Department of Corrections ("ODOC") and Scott Crow ("Crow"), collectively "defendants," should be denied as the requested discovery is not relevant to defendants' motion for summary judgment.

### BACKGROUND

On June 11, 2024, this Court ordered defendants ODOC and Harpe to compile and file an investigative report "to address solely the issue of exhaustion of administrative

remedies" related to plaintiffs' August 2023 claims. [Doc 9, p. 2-3]. This Court further ordered defendants could file a dispositive motion solely on this issue, and "the motion [would] be considered as a motion for summary judgment." *Id.* Defendants complied with this Court's Order and filed their motion for summary judgment based solely on the issue of exhaustion on August 8, 2024. *See* [Doc. 11]. Instead of responding to that motion, plaintiffs have now filed their motion for discovery, alleging "without filing an answer in this case, defendants have moved for summary judgment," and further claiming they need additional discovery into the substance of the case before they respond to defendant's motion for summary judgement. Specifically, plaintiffs want to depose:

(1) Steven Harpe, ODOC Director;
(2) Kari Hawkins, ODOC Legal Counsel;
(3) CSO III Corporal Paul Hill and CSO IV Sergeant Michael Matthews, ODOC Correctional Officers; and
(4) Jeanette Fleissner, former ODOC corrections officer.

[Doc. 12]. This discovery is not necessary to respond to defendant's motion for summary judgment. The sole issue currently before the Court is whether plaintiffs properly exhausted their administrative remedies before filing suit. The evidence indisputably shows they did not.

## ARGUMENT AND AUTHORITIES

Although the scope of discovery is broad, it is not unlimited. "The basic positive touchstone is relevance, including the reasonable possibility that the information sought would lead to admissible evidence." *Buffington v. Gillette Co.*, 101 F.R.D. 400, 401 (W.D. Okla. 1980). A party "may not use discovery as a fishing expedition." *Anthony v. U.S.*, 667 F.2d 870, 880 (10th Cir. 1981). And "Rule 56([d]) is not a license for a fishing expedition." *Lewis v. Ft. Collins*, 903 F.2d 752, 759 (10th Cir. 1990). Plaintiffs' requests amount to a fishing expedition

2

as plaintiffs seek information not relevant to the sole question currently before the Court–exhaustion. The requested discovery is based on the allegations of the case, not on the limited topic of exhaustion as ordered by this Court.

Pursuant to this Court's order, defendants did not address the merits of plaintiff's case, only the issue of exhaustion. *See* [Doc. 9]. Defendants have shown administrative remedies were available to plaintiffs. Plaintiffs must now show there is a genuine issue of material fact, showing the administrative process was not available to them. Plaintiffs have provided only conclusory statements that they were thwarted from exhausting. However, "[o]nly threats that are sufficiently serious and retaliatory acts that are severe enough to deter a reasonable inmate will result in an administrative remedy becoming unavailable for PLRA purposes." *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011).

Plaintiffs' attempt to conduct discovery to on the substantive issues at this time is inappropriate as the Court has clearly requested the parties to address the exhaustion issue before delving into discovery.

**PROPOSITION I: PLAINTIFFS FAILED TO EXHAUST ADMINISTRATIVE REMEDIES.**

As more fully laid out in defendants' motion for summary judgment, plaintiffs failed to exhaust their administrative remedies. [Doc. 11]. An offender must first attempt to informally resolve his complaint by talking with the appropriate staff member according to OP-090124 (V). [Doc. 10-1, p. 8-11]. If unsuccessful, the offender must then submit a Request to Staff ("RTS") to the appropriate staff member within seven days of the incident. *Id.* at p. 9. ***The initial informal step may be bypassed only if the complaint involves a sensitive topic or an emergency***. *Id.* (emphasis added). If the offender's complaint remains unresolved, the

3

offender may begin the formal grievance procedure by submitting a Grievance to the Reviewing Authority. *Id.* at p. 11. This must be done within fifteen days of the incident or the date of the response to the RTS, whichever is later. *Id.* If the complaint concerns a medical issue, the offender must submit the Grievance to the facility Correctional Health Services Administrator ("CHSA"). *Id.* at p. 12. Grievances that are of an emergency or sensitive nature may be submitted directly to the Reviewing Authority without informal resolution. This is appropriate where the inmate faces a substantial risk of personal injury, sexual harm, or other irreparable harm. *Id.* at p. 18. If a grievance response fails to resolve the issue, the inmate must appeal to the Administrative Review Authority ("ARA"); however, if the complaint concerns a medical issue, the inmate may appeal to the ODOCs Medical Administrative Review Authority. *Id.* at p. 14. The grievance appeal must be filed within fifteen days of the date of the grievance response. *Id.* at p. 15. As set out in defendants' motion for summary judgment, plaintiffs failed to follow these steps; thus, they failed to exhaust their claims. [Doc. 11].

Not surprisingly, plaintiffs now argue they were prevented from exhausting and need discovery to prove this fact. Plaintiffs claim their complaint details "numerous" instances where the actions of prison staff rendered the grievance process unavailable to them. To support this allegation, plaintiffs assert that staff members who attempted to help them suffered reprimands and that the intimidation directed at correctional officers created an environment which "discouraged" inmates from filing grievances. [Doc. 1, at ¶58]. Yet these allegations do not show that grievances were unavailable to plaintiffs. Nor do these allegations change the fact that plaintiffs did not exhaust their administrative remedies prior to filing suit. These instances simply address treatment of guards and do not indicate plaintiffs were unable

4

to exhaust. Plaintiffs' ample grievance records do not support any claim that the grievance process was unavailable.

Not only do plaintiffs fail to allege they were prevented from exhausting their administrative remedies, but the evidence supporting defendants' motion for summary judgment shows plaintiffs were always able to comply with the grievance process. To be "available," a remedy must be "capable of use for the accomplishment of a purpose." *Booth v. Churner*, 532 U.S. 731 (2001) (citing Webster's Third New Int'l Dictionary 150 (1993)). The record is clear that on numerous occasions around and after the alleged incident plaintiffs filed numerous Requests to Staff (RTS). *See* [Doc. 10, 11].

As shown in defendant's motion for summary judgment, plaintiffs clearly were not thwarted from filing RTS's, grievances, complaints, or utilizing the exhaustion process as shown by their attempts to get other issues resolved. Any further discovery into the matter would be a fishing expedition. The facts are clear – plaintiffs failed to exhaust their administrative remedies. Additional discovery will not aid in responding to defendants' motion for summary judgment. As such, plaintiff's request for additional discovery should be denied.

**PROPOSITION II:    THE REQUESTED DISCOVERY IS IRRELEVANT TO THE ISSUES BROUGHT IN DEFENDANTS MOTION FOR SUMMARY JUDGMENT.**

Plaintiffs seek to depose current and former ODOC officials on matters outside the scope of exhaustion. Plaintiffs know they failed to exhaust their administrative remedies and are now attempting to perform a fishing expedition to cure that fatal defect. Specifically:

**As to Steven Harpe, Director of ODOC:** Plaintiffs allege they want to "explore the policies and procedures regarding administrative remedies and any directives that may have

5

obstructed access." [Doc. 12]. Plaintiffs seek to depose Harpe because he "has publicly denied any violations of human rights within the ODOC facilities regarding the placement of inmates in shower stalls." *Id.* Plaintiffs state Harpe's stance shows ODOC was unable to process "any grievance asserted by an inmate through the administrative remedies." *Id.* Clearly, the plaintiffs wish to depose Harpe on the merits of the case, which is not at issue in defendant's motion for summary judgment as ordered by this court. Furthermore, it is clear from the language of plaintiff's motion, they are using these depositions to find a cause of action as plaintiffs want to "explore" the policies and procedures to circumvent the fact that they failed to exhaust. *See* [Doc. 12]. This is clearly a fishing expedition.

**As to Kari Hawkins, General Counsel for ODOC:** Plaintiffs wish to conduct discovery to investigate the legal advice provided by counsel concerning the grievance process and any potential hindrances faced by inmates in pursuing their grievances. [Doc. 12]. This request is entirely too broad as it is not tailored to these specific plaintiffs. Furthermore, as already discussed at length, the record is clear that the plaintiffs in this suit were not hindered in the exhaustion process as the record shows they filed numerous RTS's. Plaintiffs also want to question Hawkins as they seek to "reveal whether the GC advised on the legality or appropriateness of confining inmates to shower stalls." [Doc. 12]. This has nothing to do with the issue of exhaustion.  Additionally, this would likely be outside the scope of discovery as some if not all of the information sought would  be immune from discovery as the attorney-client privileged communications.

**As to CSO III Corporal Paul Hill and CSO IV Sergeant Michael Matthews:** Plaintiffs allege these officers "stood against the misuse of shower stalls for confinement" and

could testify regarding retaliation they received and their willingness to help plaintiffs complain. [Doc. 12]. None of this potential information is relevant to the limited issue of exhaustion.

**As to Jeanette Fleissner, a former ODOC corrections officer**: Plaintiffs want to depose Fleissner as they believe she "could testify about systemic issues and specific instances of abuse and neglect at the Hinton Facility." [Doc. 12]. Again, such testimony is not relevant to the sole issue at hand– exhaustion. Plaintiffs allege that Fleissner would testify "a common practice whereby senior management officials at the prison routinely trashed written grievances submitted by inmates without opening a file." [Doc. 12]. However, the record is clear that plaintiffs were able to, and did, file written RTS's on other matters.

"[A] party's mere hope that discovery may yield further evidence is insufficient to defeat a summary judgment motion." *Trans-Western Petroleum, Inc. v. United States Gypsum Co.*, 830 F.3d 1171, 1175 (10th Cir. 2016) (quoting *Bryant v. O'Connor*, 848 F.2d 1064, 1067 (10th Cir. 1988)); *Miller v. United States*, 710 F.2d 656, 666 (10th Cir. 1983). The information requested must be "essential to his opposition." *Committee for First Amend. V. Campbell,* 962 F.2d 1517, 1521 (10th Cir. 1992) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 n. 5 (1986)). These requests are all based on speculation. Speculation cannot support a Rule 56(d) motion." *F.D.I.C. v. Arciero*, 741 F.3d 1111, 1116 (10th Cir. 2013). Conclusory allegations without specific supporting facts have no probative value and cannot create a genuine issue of fact. *See Fitzgerald v. Corr. Corp. of Am.,* 403 F.3d 1134, 1143 (10th Cir. 2005); *Annett v. Univ. of Kan.,* 371 F.3d 1233, 1237 (10th Cir. 2004); *Ledoux v.* Davies, 961 F.2d 1537 (10th Cir. 1992).

The facts remain, and the evidence shows, plaintiffs failed to exhaust their administrative remedies as required by the PLRA before filing a lawsuit. The requested additional discovery will not aid in responding to defendants' motion for summary judgment and should be therefore denied.

**PROPOSITION III:    PLAINTIFFS' REQUEST FOR DISCOVERY FOR AN UNREDACTED COMPLAINT IS ALSO IRRELEVANT AND NOT PROPORTIONAL TO THE POSTURE OF THIS CASE.**

Plaintiffs further allege that they need discovery seeking an unredacted Investigative Report to properly respond to defendants' motion for summary judgment. [Doc. 12]. ODOC redacted information about inmates not a party to this lawsuit to protect their identity. Any request for grievances or RTS filed by inmates not parties to this lawsuit are irrelevant, overly broad, and not proportional to the needs of this case. Furthermore, that information has nothing to do with the issue of exhaustion. As such, plaintiffs fishing expedition should be denied.

## CONCLUSION

As more fully set out in defendants' motion for summary judgment, there are no material facts at issue to the sole issue of exhaustion. Plaintiff's Motion for Discovery [Doc. 12] should be denied as the discovery requested will not aid in their Response to Defendants' Motion for Summary Judgment [Doc. 11].

Respectfully submitted,

/s/ Lauren Ray
**LAUREN RAY, OBA# 22694**
**LEXIE P. NORWOOD, OBA#31414**
Assistant Attorney General
Oklahoma Attorney General's Office
Litigation Section
313 NE 21st Street
Oklahoma City, OK 73105
T: (405) 521-3921 | F: (405) 521-4518
Email: lauren.ray@oag.ok.gov
Email: lexie.norwood@oag.ok.gov
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day August 2024, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing. I further that a true and correct copy of the foregoing document was sent to the following who is an ECF registered participant:

| | |
|---|---|
| Richard Labarthe, OBA 11393 | Alexey Tarasov, OBA 32926 |
| LABARTHE & TARASOV | LABARTHE & TARASOV |
| 6303 N. Portland Ave., Suite 210 | 330 W. Gray Street, Suite 208 |
| Oklahoma City, OK 73112 | Norman, OK 73069 |
| Richard@labarthelaw.com | Alexey@tarasovlaw.com |
| *Attorney for Plaintiff* | *Attorney for Plaintiff* |

/s/ Lauren J. Ray
Lauren Ray