IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Daniel Saldivar, Michael Wolfe, Zurrell Hernandez, Christopher Hicks, Ronnie Smith II, Larry Pruitt, Robert D. Johnson )<br><br>Plaintiff, )<br><br>vs. )<br><br>Oklahoma Department of Corrections, Stevenn Harpe, Director, Oklahoma Department of Corrections, in his official and individual capacities; John/Jane Doe I, II, III, IV, (Employees/Agents of GPCC/DOC), in their official and individual capacities; John/Jane Doe V, VI, (Shift Supervisors and Administrators of GPCC), in their official and individual capacities, )<br><br>Defendants. ) | Case No.: CIV-24-442-PRW<br>(Removed from Oklahoma County District Court Case No: CJ-2024-2320) |

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE
TO MOTION FOR DISCOVERY**

Defendants have opposed Plaintiffs' Motion for Discovery on the grounds that the discovery sought is irrelevant to the issue of exhaustion of administrative remedies and would amount to nothing more than a "fishing expedition." This opposition is misplaced and mischaracterizes both the nature of the discovery requested and the legal standards governing the availability of discovery under Federal Rule of Civil Procedure 56(d). Plaintiffs' discovery requests are narrowly tailored to address the precise issue of whether administrative remedies were effectively unavailable due to the actions of prison officials, which is directly relevant to the exhaustion inquiry under the Prison Litigation Reform Act ("PLRA").

- 1 -

## I. THE REQUESTED DISCOVERY IS LIMITED AND DIRECTLY RELEVANT TO THE ISSUE OF EXHAUSTION.

Defendants' Response misrepresents the scope and relevance of the discovery Plaintiffs seek. The crux of Defendants' argument is that discovery is unnecessary because the only issue before the Court is whether Plaintiffs exhausted their administrative remedies. However, the exhaustion requirement under the PLRA is not satisfied merely by showing that a grievance process exists in theory; it must also be demonstrated that the process was actually available to Plaintiffs in practice. The U.S. Supreme Court has explicitly held that administrative remedies are "unavailable" when they are rendered ineffective by the actions of prison officials, including through intimidation, misrepresentation, or obstruction. See *Ross v. Blake*, 578 U.S. 632, 644 (2016). Plaintiffs have alleged that the ODOC's actions made the grievance process effectively unavailable. The discovery Plaintiffs seek is necessary to substantiate these allegations, which are directly relevant to the Court's determination of whether Plaintiffs were required to exhaust under the PLRA.

Plaintiffs are not seeking to conduct a broad or unfocused exploration of the facts but are requesting specific depositions and documents that are directly relevant to whether the grievance process was rendered unavailable through the conduct of ODOC officials. The discovery sought is limited to key individuals who were directly involved in or have critical knowledge about the grievance procedures and the alleged obstruction of those procedures. Specifically, this is what the undersigned intend to elicit from the individuals, whose depositions have been requested:

(a) **Director Steven Harpe:** Deposition will explore how Harpe's public denial of human rights violations and his directives may have influenced ODOC's handling of grievances, potentially making the grievance process futile or inaccessible.

(b) **General Counsel Kari Hawkins:** Deposition is needed to uncover any legal guidance Hawkins provided that may have discouraged or obstructed inmates from effectively using the grievance process, particularly concerning the confinement in shower stalls.

(c) **CSO III Corporal Paul Hill:** Hill's testimony will demonstrate how his opposition to abusive practices and subsequent retaliation illustrate a pattern of obstruction and intimidation that prevented inmates from filing grievances.

(d) **CSO IV Sergeant Michael Matthews:** Matthews' deposition will help establish a culture of fear and retaliation within ODOC and the Great Plains facility, showing that staff who supported inmate grievances faced punitive actions, thus deterring inmates from using the grievance process.

(e) **Janette Fleissner:** Fleissner's testimony will reveal systemic issues, including the suppression of grievances and the intimidation of inmates, contributing to the unavailability of an effective grievance process.

The discovery Plaintiffs seek is supported by cases from sister jurisdictions, which the undersigned cited in their original motion, where courts have acknowledged the necessity of discovery to explore the availability of administrative remedies under the PLRA.[1]

## II. DEFENDANTS' ARGUMENTS MISCONSTRUE THE LEGAL STANDARD FOR RULE 56(D) DISCOVERY.

Defendants' reliance on cases such as *Anthony v. U.S.*, 667 F.2d 870 (10th Cir. 1981), and *Lewis v. Ft. Collins*, 903 F.2d 752 (10th Cir. 1990), to suggest that Plaintiffs' discovery requests amount to a "fishing expedition" is misplaced. Rule 56(d) of the Federal Rules of Civil

---

[1] For instance, in *Todd v. Johnson*, No. 1:12-cv-02083-LJO-MJS (PC), 2014 U.S. Dist. LEXIS 150766, at *9 (E.D. Cal. Oct. 23, 2014), the court granted the plaintiff an opportunity to pursue discovery specifically to determine whether administrative remedies were available. Similarly, in *Barrett v. Ciolli*, No. 1:20-cv-01802-JLT-EPG (PC), 2022 U.S. Dist. LEXIS 66085, at *1 (E.D. Cal. Apr. 8, 2022), the court recognized that discovery was essential for the plaintiff to demonstrate the unavailability of administrative remedies due to interference by prison officials.

Procedure allows a party opposing summary judgment to request additional discovery when they cannot present facts essential to their opposition. In *Anthony*, *supra*, the court dealt with the issue of whether an appellate court could consider new evidence that was not part of the original trial record. *Anthony*, 667 F.2d at 875. The discovery being sought was related to wiretap evidence. *Id.* at 879. Specifically, the criminal defendant named Anthony sought discovery of tapes that were the product of unlawful wiretapping activities. *Id.* These tapes included intercepted conversations, and Anthony wanted to use them in his motion for a new trial based on newly discovered evidence. *Id.* at 873. The trial court allowed limited discovery of the tapes, permitting Anthony's defense counsel to review them *in camera* to present evidence in support of his motion. *Id.* The discovery request in *Anthony* was aimed at reviewing this wiretap evidence, which had been obtained illegally, to potentially use it for impeachment purposes in his defense. *Id.* at 879. The appeal dealt with whether this discovery was appropriate and whether the trial court erred in allowing it. *Id.* Ultimately, the appellate court reversed the trial court's order granting discovery of the tapes, holding that illegally obtained evidence should not be disclosed or used for such purposes. *Id.*

Unlike in *Anthony*, where the issue was the attempt to introduce new evidence at the appellate stage, Plaintiffs in this case have not yet been afforded any discovery prior to the filing of Defendants' Motion for Summary Judgment. This lack of discovery makes it impossible for Plaintiffs to adequately respond to Defendants' motion without the opportunity to obtain essential information. The *Lewis* case, *supra*, is also of no help to Defendants. In *Lewis*, a former employee failed to demonstrate through affidavits how discovery would have raised a genuine fact issue as to a city government's qualified immunity claim after the employee alleged employment discrimination. *Lewis*, 903 F.2d at 759.

Here, Plaintiffs have specifically identified the discovery they seek, which includes depositions of key ODOC officials and the production of an unredacted investigative report. This discovery is directly tied to the issue of whether Plaintiffs were prevented from utilizing the grievance process due to misconduct by ODOC officials. Far from a "fishing expedition," this discovery is targeted and essential to Plaintiffs' ability to oppose Defendants' motion for summary judgment.

### III. THE EVIDENCE SOUGHT IS NECESSARY TO CREATE A GENUINE ISSUE OF MATERIAL FACT.

Defendants assert that Plaintiffs have not provided sufficient evidence to support their claims that the grievance process was unavailable, but this argument is circular. Plaintiffs cannot be expected to produce evidence they have not yet had the opportunity to discover. The discovery sought by Plaintiffs – specifically, the depositions of Director Steven Harpe, General Counsel Kari Hawkins, and other ODOC officials – would provide crucial testimony regarding the alleged obstruction of the grievance process. Director Harpe's public statements denying human rights violations within ODOC facilities directly contradict the Plaintiffs' experiences and suggest a systemic refusal to acknowledge or address complaints. Similarly, testimony from correctional officers who were retaliated against for attempting to assist inmates with severe abuses rising to the level of an Eighth Amendment violation is critical to establishing the hostile environment that deterred inmates from filing complaints. These facts are material to determining whether the grievance process was truly available to Plaintiffs.

### IV. THE REQUEST FOR AN UNREDACTED INVESTIGATIVE REPORT IS RELEVANT AND PROPORTIONAL.

Defendants argue that Plaintiffs' request for an unredacted version of the investigative report by Special Agent Joey Bales is irrelevant and overly broad. This argument is without

merit. The report in question, as currently redacted, omits information that could be critical to understanding the full scope of the systemic issues within ODOC facilities, including any potential obstruction of the grievance process. The production of an unredacted report is necessary for Plaintiffs to fully assess and respond to the claims made in Defendants' motion for summary judgment. Furthermore, the redacted portions of the report may contain evidence that supports Plaintiffs' assertions that the grievance process was obstructed or rendered futile. Without access to this information, Plaintiffs are deprived of the opportunity to present a complete and accurate opposition to Defendants' motion.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion for Discovery. The discovery sought is directly relevant to the central issue of exhaustion under the PLRA and is necessary to create a genuine issue of material fact that would preclude summary judgment. Plaintiffs further request that the Court set a briefing schedule allowing for 90 days to complete the requested discovery and 30 days thereafter to file a response to Defendants' Motion for Summary Judgment.

Dated: August 30, 2024.
Respectfully submitted,

Richard C. Labarthe, OBA # 11393

Alexey V. Tarasov, OBA # 32926
LABARTHE & TARASOV, a professional association
1000 W. Wilshire Blvd., Suite 355
Oklahoma City, Oklahoma 73116
(405) 843-5616; (405) 843-9685 Facsimile
richard@labarthelaw.com

>330 W. Gray Street, Suite 208
>Norman, OK 73069
>(405) 410-5631; (832) 558-3540 Facsimile
>alexey@tarasovlaw.com
>**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2024, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing. I further certify that a true and correct copy of the foregoing document was sent to the following who are ECF registered participants:

>Lauren Ray, OBA# 22694
>Lexie P. Norwood, OBA# 31414
>Assistant Attorney General
>Oklahoma Attorney General's Office
>Litigation Section
>313 NE 21st Street
>Oklahoma City, OK 73105
>Email: lauren.ray@oag.ok.gov
>Email: lexie.norwood@oag.ok.gov
>**Attorneys for Defendants**

>*/s/ Alexey Tarasov*
>Alexey V. Tarasov, OBA # 32926
>330 W. Gray Street, Suite 208
>Norman, OK 73069
>(405) 410-5631 Telephone
>(832) 558-3540 Facsimile
>alexey@tarasovlaw.com