IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANIEL SALDIVAR et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. CIV-24-442-PRW ) |
| OKLAHOMA DEPARTMENT OF CORRECTIONS et al., | ) ) ) |
| Defendants. | ) ) |

## ORDER

Plaintiffs Daniel Saldivar, Michael Wolfe, Zurrell Hernandez, Christopher Hicks, Ronnie Smith II, Larry Pruitt, and Robert D. Johnson are convicted state prisoners who have filed a Complaint under 42 U.S.C. §§ 1981 and 1983, alleging various constitutional violations while incarcerated at the Great Plains Correctional Center (GPCC) in Hinton, Oklahoma. (ECF No. 1-2). The action was originally filed in Oklahoma County District Court, but it was removed to this Court by the only individually named Defendant, the Director of the Oklahoma Department of Corrections (ODOC), Steven Harpe. (ECF No. 1).

As noted in the Order dated June 11, 2024, the Court has an affirmative obligation to screen the Complaint. *See* ECF No. 9. Based on allegations by Defendants which raised the affirmative defense of non-exhaustion of administrative remedies, the Court ordered Defendants to prepare an investigative report with respect to this issue only, and provided the opportunity to Defendants, if they choose, to file a Motion for Summary Judgment on non-exhaustion of administrative remedies. (ECF No. 9). Defendants complied, and have

filed a Motion for Summary Judgment accordingly. (ECF No. 11). Instead of responding, however, Plaintiffs have requested 90 days to conduct discovery relevant to this issue and an additional 30 days to file a response to Defendants' Motion. **(ECF No. 12)**. The Court **DENIES** Plaintiffs' Motion.

The Prison Litigation Reform Act of 1995 (PLRA) requires a prisoner to exhaust all available administrative remedies before resorting to a § 1983 action in federal court. Specifically, 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.* "[E]xhaustion is mandatory under the PLRA and … unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007).

Inmates such as Plaintiffs, successfully exhaust their administrative remedies by completing the administrative review process established by the facility grievance policy. *Id.* at 218. Exhaustion must occur prior to the prisoner bringing a lawsuit on his claims. *See* 42 U.S.C. § 1997e(a), (h); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Woodford v. Ngo*, 548 U.S. 81, 90, 93-103 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Ngo*, 548 U.S. at 90-91.

"An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under the PLRA for failure to exhaust his administrative

remedies." See Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002); see also Fields v. Okla. State Penitentiary, 511 F.3d 1109, 1112 (10th Cir. 2007) (noting that "substantial compliance [with the exhaustion process] is insufficient."). One caveat to exhausting administrative remedies, however, is that the remedy must be "available" to the inmate. See Ross v. Blake, 578 U.S. 632, 638 (2016). The United States Supreme Court has deemed an administrative remedy "unavailable" in three circumstances: (1) where the administrative process operates as a "dead end"—i.e.—where prison officials are "unable to provide any relief" to the inmate, by being unwilling and/or unable to do so; (2) where the administrative scheme is too confusing to be of practical use; and (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross v. Blake, 578 U.S. at 644.

In their motion for discovery, Plaintiffs allege that administrative remedies were, in fact, rendered "unavailable" in this case, providing three lines of reasoning in support. See ECF No. 12. First, Plaintiffs cite paragraph 58 of their Complaint as an example of one of "numerous instances where prison staff's actions rendered the grievance process effectively unavailable." (ECF No. 12:4). At paragraph 58 of the Complaint, however, Plaintiffs merely state that prison staff recognized "harsh and inhumane prison conditions" at GPCC. See ECF No. 1-2:8). While this statement may be accurate, it pertains to the merits of Plaintiffs' case, and is irrelevant to the issue of administrative exhaustion.

Second, Plaintiffs reference a report by Special Agent Joey Bales of the Office of the Inspector General which concerned confinement of inmates to shower cells while in

the "Special Management Unit" of GPCC—one of the claims outlined in the Complaint. (ECF No. 12:4). But again, Mr. Bales's report would be relevant only to the merits of Plaintiffs' case, but irrelevant to the issue of administrative exhaustion.

Third, Plaintiffs argue that a "hostile environment" at GPCC "discourage[ed] inmates from filing grievances and suggest[ed] that complaints would be ignored or lead to retaliation." (ECF No. 12:4). In support, Plaintiffs state: "Staff members who attempted to help inmates and address harsh conditions were reprimanded and discouraged from assisting" and management at ODOC and the Great Plains Correctional Center intimidated correctional officers who: (1) refused to participate in abusive measures towards inmates and (2) reported the alleged abuse. (ECF No. 12:4). But the fact that staff members might have disagreed with the allegedly abusive treatment and might have been reprimanded for refusing to engage in said activities or reporting the same is, again, irrelevant to Plaintiffs' exhaustion of administrative remedies.

In order to explore the "hostile environment" which has allegedly rendered Plaintiffs administrative remedies "unavailable," Plaintiffs request to take the depositions of:

- DOC Director Steven Harpe, "to explore the policies and procedures regarding administrative remedies and any directives that may have obstructed access to these remedies;"

- Kari Hawkins, General Counsel for the DOC, "to investigate the legal advice provided concerning the grievance process and any potential hindrances faced by inmates in pursuing their grievances;"

- DOC employees Paul Hill and Michael Matthews, "Correctional officers who stood against the misuse of shower stalls for confinement, to provide

4

- firsthand accounts of practices within the Great Plains facility and any intimidation or retaliation they faced for their opposition and their willingness to help Plaintiffs complain regarding confinement in shower stalls;" and

- Jeanette Fleissner, former DOC employee at GPCC, whom Plaintiff believes "could testify about systemic issues and specific incidents of abuse and neglect at the Hinton facility, including her resignation over observed mistreatment, management's lack of response to complaints, management's efforts to intimidate the reporting officers' complaints about the inhumane practice (of locking inmates in tiny 3' x 3' shower stalls for days and nights at a time) and a common practice whereby senior management officials at the prison routinely trashed written grievances submitted by inmates without opening a file[.]"

(ECF No. 12:2-3). Plaintiffs also seek an unedited version of the report by Mr. Bales. (ECF No. 12:3).

The Tenth Circuit Court of Appeals has previously recognized that an administrative remedy is not "available" under the PLRA if "prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of [the] administrative remedy." *Little v. Jones,* 607 F.3d 1245, 1250 (10th Cir. 2010); *see also Jernigan v. Stuchell,* 304 F.3d 1030, 1032 (10th Cir. 2002) (holding that a prison official's failure to respond to a grievance within prescribed time limit renders an administrative remedy unavailable). Based on this principle, district courts are obligated "to ensure that any defects in exhaustion [are] not procured from the action or inaction of prison officials." *Aquilar–Avellaveda v. Terrell,* 478 F.3d 1223, 1225 (10th Cir. 2007).

Clearly, Plaintiffs are attempting, though their discovery request, to establish a system-wide failure in the DOC which would render the administrative remedies to

Plaintiffs "unavailable" in the instant case. To this end, the Court's findings In *Tuckel v. Grover*, 660 F.3d 1249 (10th Cir. 2011), are controlling:

> Having established that threats or intimidation by prison officials can render an administrative remedy unavailable, we must consider the showing necessary to defeat a failure-to-exhaust defense.
>
> . . .
>
> We hold that an inmate must make two showings: (1) that the threat or intimidation actually did deter the plaintiff inmate from lodging a grievance or pursuing a particular part of the prison administrative process; and (2) that the threat or intimidation would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the prison administrative process that the inmate failed to exhaust.
>
> The first showing is subjective; the inmate must show that he was actually deterred. The second is an objective one, requiring the district court to consider the context of the alleged threat or intimidation. . . . Only threats that are sufficiently serious and retaliatory acts that are severe enough to deter a reasonable inmate will result in an administrative remedy becoming unavailable for PLRA purposes.

*Tuckel v. Grover*, 660 F.3d at 1254.

Here, Plaintiffs have failed to identify a specific threat or intimidation that "actually did deter" them from attempting to grieve the issues alleged in the Complaint.[1] Plaintiffs are attempting to show that a "hostile environment" at GPCC existed which might have deterred them from utilizing the grievance process, but that is not the standard under *Tuckel*. If Plaintiffs had alleged a specific incident/threat/intimidation relating to an attempt to grieve the issues outlined in the Complaint, then discovery to explore the issue might be warranted. But at this stage, the Court finds Plaintiffs attempts at discovery to

---

[1] In fact, Defendants have submitted proof that Plaintiffs Pruitt, Hicks, Smith, and Wolfe have submitted 30 Requests to Staff to between August and November 2023. *See* ECF Nos. 10-1, 10-2, 10-3, 10-4, 11:17-38).

6

be a fishing expedition and Plaintiffs' Motion **(ECF No. 12)** is **DENIED**. See Cuomo v. Clearing House Ass'n, LLC, 557 U.S. 519, 531 (2009) ("Judges are trusted to prevent 'fishing expeditions' or an undirected rummaging through . . . records for evidence of some unknown wrongdoing.").

    ENTERED on September 10, 2024.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE