### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANIEL SALDIVAR, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. CIV-24-00442-PRW |
| ) | |
| OKLAHOMA DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

### ORDER

Before the Court is United States Magistrate Judge Shon T. Erwin's Report and Recommendation (Dkt. 19); the Objection (Dkt. 20), filed by Defendants Oklahoma Department of Corrections, Steve Harpe, and Scott Crow ("Defendants"); and the Response (Dkt. 21), filed by Plaintiffs Daniel Saldivar, Michael Wolfe, Zurrell Hernandez, Christopher Hicks, Ronnie Smith, II, and Larry Pruitt ("Plaintiffs"). Having reviewed the Report and Recommendation *de novo*, the Court agrees with its reasoning and conclusions and **ADOPTS** the Report and Recommendation (Dkt. 19) in its entirety.

*Background*

Plaintiffs are convicted state prisoners who have sued Defendants under 42 U.S.C. §§ 1981 and 1983, seeking to recover damages that they allege they suffered in violation of the Eighth Amendment while they were incarcerated at the Great Plains Correctional Center in Hinton, Oklahoma. Specifically, they allege that they were inhumanely confined in shower stalls on various occasions in August of 2023. Defendants moved for summary

judgment, arguing that Plaintiffs failed to exhaust their administrative remedies, as 42 U.S.C. § 1997e(a) requires. (Dkt. 11).

Plaintiffs argue that "administrative remedies were effectively unavailable and futile due to systematic failures and misconduct within the Oklahoma Department of Corrections." (Dkt. 15, at 10). In support, Plaintiffs submitted declarations, alleging that prison officials threatened them with harsh punishments, including prolonged solitary confinement, if they attempted to pursue internal remedies regarding the shower incidents.[1] They corroborated their accounts with the Declaration of Jeanette Fleissner, a former Great Plains Correctional Center officer.[2] Ms. Fleissner states that she saw "a persistent culture of intimidation against inmates who attempted to report mistreatment or file grievances."[3] She also "personally observed grievances and written complaints being thrown in the trash by officers and staff members[,] . . . leaving [the inmates] with no recourse to address their mistreatment."[4]

Judge Erwin concluded that all the plaintiffs, except for Plaintiff Robert D. Johnson, showed that a genuine issue of material fact exists as to whether a grievance process was available. He therefore recommended that the Court grant summary judgment to Johnson and deny it as to the other plaintiffs. Defendants timely filed an objection.

---

[1] *See* (Dkt. 15, Exs. 1–2, 4–7).

[2] Declaration of Jeanette Fleissner (Dkt. 15, Ex. 8).

[3] *Id.* ¶ 4.

[4] *Id.*

*Legal Standard*

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."[5] Johnson filed no objection, so the Court need not further discuss his claims. Defendants, however, do object to the Report and Recommendation.

Because Judge Erwin correctly identified and discussed the relevant summary judgment standard in his Report and Recommendation, the Court need not recite it again. Relevant here, a prisoner may not bring a claim with respect to prison conditions until he has exhausted his administrative remedies.[6] But administrative remedies are unavailable where "prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of [the] administrative remedy."[7] Prison officials can do so "through machination, misrepresentation, or intimidation."[8] Thus, a plaintiff need not show exhaustion if instead he shows that prison officials "misled or threatened individual inmates so as to prevent their use of otherwise proper procedures[,] . . . render[ing] the administrative process unavailable."[9] To do so, a plaintiff must make (1) a subjective showing "that the threat or intimidation actually did deter the plaintiff inmate from lodging a grievance or pursuing a particular part of the prison administration process;" and (2) an objective showing that the

---

[5] Fed. R. Civ. P. 72(b)(3).

[6] 42 U.S.C. § 1997e(a).

[7] *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010) (citation omitted).

[8] *Ross v. Blake*, 578 U.S. 632, 644 (2016).

[9] *Id.* (footnote omitted) (collecting cases).

3

threat was sufficiently serious or that the retaliatory intimidation was severe enough to "deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the prison administration process that the inmate failed to exhaust."[10]

*Analysis*

Defendants argue that (1) Judge Erwin improperly construed Plaintiffs' filings liberally given that they are all represented by counsel and (2) Plaintiffs have not sufficiently shown that administrative remedies were unavailable. As to the first, the Court finds that the Report and Recommendation properly applied the summary judgment standard. While Judge Erwin did make a passing reference to the rule that courts are to construe pro se pleadings liberally, and Plaintiffs are represented by counsel, an examination of the entire Report and Recommendation reveals that he applied the correct summary judgment standard to Plaintiffs' filings.

As to the second, Defendants predominately argue that Judge Erwin's recommendation does not comport with the Tenth Circuit's decisions in *Escobar v. Mora*[11] and *May v. Segovia*.[12] These cases, however, are readily distinguishable from the instant case. The *Escobar* plaintiff "generally complain[ed] that he faced threats of retaliation for using the grievance process[.]"[13] This, however, was controverted by the record in *Escobar*, which showed that the plaintiff filed "ample" grievances, and his own statements

---

[10] *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011).

[11] 496 F. App'x 806 (10th Cir. 2012).

[12] 929 F.3d 1223 (10th Cir. 2019).

[13] *Escobar*, 496 F. App'x at 809.

on appeal that the alleged threats did not dissuade him from pursuing prison remedies.[14] Similarly, the *May* plaintiff asserted in his response to the defendant's motion for summary judgment "that prison officials intentionally tampered with the mail processing system to render grievances undeliverable[.]"[15] The *May* plaintiff provided no evidence to support the allegation, he had in fact successfully filed five grievances, and he was not dissuaded from filing twenty-nine other grievances in the same period.[16] In both cases, the Tenth Circuit held that the plaintiff failed to show unavailability of administrative remedies.[17]

As Judge Erwin details, however, Plaintiffs declare that the officers specifically threatened them with prolonged solitary confinement if they attempted to file an internal grievance about the shower incidents.[18] Unlike the plaintiffs in *Escobar* and *May*, Plaintiffs provide nonconclusory declarations, which contain specific facts that detail individual threats and distinct retaliatory acts in response to Plaintiffs' attempts to pursue grievance remedies for their confinement in shower stalls. Defendants argue that because Pruitt, Smith, Hicks, and Wolfe all filed Requests to Staff[19] on other matters after the shower incidents, they were not in fact dissuaded from pursuing the grievance process. These

---

[14] *Id.*

[15] *May*, 929 F.3d at 1235.

[16] *Id.*

[17] *Id.*; *Escobar*, 496 F. App'x at 809–810.

[18] Wolfe even alleges in his declaration that prison officials did in fact retaliate against him. Declaration of Michael Wolfe (Dkt. 15-1), ¶ 1.

[19] Before an inmate submits a formal grievance form, he must submit a "Request to Staff" within seven calendar days of an incident. *See* R. & R. (Dkt. 19), at 6.

5

Requests, however, all relate to matters other than the shower incidents. Plaintiffs allege that officers intimidated them in regard to *the shower incidents*.[20] While the Requests would negate general allegations of threats and intimidation, Plaintiffs do not raise general allegations. Thus, Plaintiffs have shown that a genuine issue of material fact exists as to whether administrative remedies were effectively unavailable to them.

Moreover, as Judge Erwin notes, Ms. Fleissner's account corroborates Plaintiffs' declarations. Defendants argue that Ms. Fleissner's declaration is not sufficiently probative because it does not establish that officers thwarted Plaintiffs specifically from filing grievances. But Ms. Fleissner specifically noted that inmates who "raised concerns about the treatment in the showers[] faced threats and retaliation from both staff and other inmates."[21] Also, her account of the overall hostility toward grievances in the Great Plains Correctional Facility tends to support Plaintiffs' declarations. Viewing the evidence and drawing all inferences in the light most favorable to Plaintiffs,[22] a genuine issue of material fact exists, so summary judgment is inappropriate.

Additionally, for the first time, Defendants argue that because Plaintiffs Saldivar, Wolfe, and Pruitt have all been moved to a different facility, "it may prevent a finding that

---

[20] *See*, *e.g.*, Declaration of Michael Wolfe (Dkt. 15-1), ¶ 3 ("When I attempted to complain about the showers incident, I was met with intimidation from the correctional officers."); Declaration of Larry Pruitt (Dkt. 15-2), at ¶ 2 ("When I attempted to file a grievance regarding the use of shower stalls for confinement, I was met with threats from correctional officers, including CO Tandy, who warned me that any further attempts to file a complaint would result in harsh punishment, including extended solitary confinement.").

[21] Declaration of Jeanette Fleissner (Dkt. 15-8), ¶ 4

[22] *Pepsi–Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005) (citation omitted).

administrative remedies were rendered unavailable."[23] But because "[c]laims, issues or theories raised for the first time in objections to a Magistrate Judge's report and recommendation are deemed waived[,]" the Court need not consider this issue.[24]

### *Conclusion*

Accordingly, having carefully considered the record and reviewed the Report and Recommendation *de novo*, the Court agrees with the well-reasoned Report and Recommendation (Dkt. 19) and **ADOPTS** it in its entirety. The Court therefore **GRANTS** the Motion (Dkt. 11) as to Plaintiff Johnson only and **DENIES** it as to Plaintiffs Saldivar, Wolfe, Hernandez, Hicks, Smith, and Pruitt.

**IT IS SO ORDERED** this 13th day of January 2025.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[23] Defs.' Obj. to R. & R. (Dkt. 20), at 4.

[24] *Thompson v. Sirmons*, 617 F. Supp. 2d 1129, 1134 (W.D. Okla. 2008) (collecting Tenth Circuit cases).