IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANIEL SALDIVAR et al., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-24-442-PRW |
| | ) |
| OKLAHOMA DEPARTMENT OF CORRECTIONS et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER

Plaintiffs Daniel Saldivar, Michael Wolfe, Zurrell Hernandez, Christopher Hicks, Ronnie Smith II, Larry Pruitt, and Robert D. Johnson are convicted state prisoners who have filed a Complaint under 42 U.S.C. §§ 1981 and 1983, alleging various constitutional violations while incarcerated at the Great Plains Correctional Center (GPCC) in Hinton, Oklahoma. (ECF No. 1-2). The action was originally filed in Oklahoma County District Court, but it was removed to this Court. (ECF No. 1). Following the removal, Defendants filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 6). In the Motion, Defendants presented seven grounds for dismissal, including "Proposition V: Plaintiffs do not allege exhaustion." (ECF No. 6:8-9). In an Order dated June 11, 2024, the Court reminded Defendants that Plaintiffs need not allege exhaustion pursuant to the directive in *Jones v. Bock*, 549 U.S. 199, 216 (2007). However, the Court ultimately struck the Motion to Dismiss and ordered Defendants to "undertake an investigation and prepare a report with respect to: (1) the administrative remedies available to the Plaintiffs prior to the filing of the present action, and (2) whether the Plaintiff has exhausted these

administrative remedies to the extent required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (2000)." (ECF No. 6:2). Following the filing of the investigative report, Defendants were allowed to file a dispositive motion based on the affirmative defense of non-exhaustion, if they chose. *Id.* Defendants indeed filed the investigative report and a Motion for Summary Judgment, arguing the issue of non-exhaustion of administrative remedies. (ECF Nos. 10 & 11). The Court ultimately granted summary judgment to Defendants with regard to a single Plaintiff, Robert Johnson, but denied summary judgment to the Defendants as to the remaining Plaintiffs.

Currently before the Court is Defendants' Motion for Leave to File Motion to Dismiss. (ECF No. 23). In the Motion, Defendants request to "resubmit their Motion to Dismiss, as this Court has not ruled on the remaining arguments, including the arguments that Plaintiffs' Complaint fails to state a claim, and Defendants are entitled to qualified immunity." (ECF No. 23:2-3). Defendants have attached the proposed Motion as Exhibit 1, and the Court notes that it is similar to the original Motion (ECF No. 6) except that it does not assert the proposition regarding exhaustion. *See* ECF No. 23-1. Plaintiffs have filed a response and objection, arguing:

- Allowance of the Motion to Dismiss would be duplicative and waste judicial resources;

- Allowing the Motion to Dismiss "without filing an Answer or allowing discovery" would unfairly burden Plaintiffs; and

- Defendants should not be rewarded for their lack of diligence in failing to include a Martinez report with their original Motion and "[h]ad the report been included with the original motion, these issues could have been resolved months ago."

(ECF No. 24:2-3). Even so, Plaintiffs state that they would "be agreeable to allowing Defendants to file a renewed Motion to Dismiss, provided that Defendants first file an Answer. Filing an Answer will allow Plaintiffs to initiate discovery and ensure that any subsequent motions are based on a complete factual record." (ECF No. 24:3).

The Court rejects Plaintiffs' arguments. First, the Motion to Dismiss for failure to state a claim challenges the sufficiency of the allegations as presented in the Complaint. *See Pace v. Swerdlow*, 519 F.3d 1067, 1073 (10th Cir. 2008) ("in determining whether to grant a motion to dismiss for failure to state a claim, we look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief.") (citation omitted). Likewise, "qualified immunity, as an affirmative defense, doesn't just raise the bar for liability; it grants the defendant protection from litigation itself until the court resolves, at minimum, whether qualified immunity would prohibit the suit *based on the facts alleged by the plaintiff*." *Doe 1 v. Taos Municipal Schools*, No. 1:20-cv-01041-SCY-JHR, 2024 WL 4145043, at *2 (D. N.M. Sept. 11, 2024) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 527–28 (1985)) (emphasis added). Thus, Plaintiffs' arguments regarding the need for discovery are misplaced.

Additionally, as stated in Rule 12(b), a motion asserting defenses under this rule must be filed "before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Thus, requiring Defendants to file an Answer prior to filing their Motion to Dismiss would be procedurally improper. *See Martin v. Mendez Jacobo*, No. CIV-20-1313-G, 2021 WL 2828722, at *1 (W.D. Okla. July 7, 2021) (noting that the language of 12(b) is "quite plain" and "If the defendant decides to assert a Rule 12(b) defense by motion, then he

must do so before filing the answer.") (citation omitted); see also *Brachel Marketing, LLC v. JJ Nuts*, LLC, No. 21-CV-157-GKF-JFJ, 2022 WL 16842889, at *1 (N.D. Okla. July 14, 2022) ("A motion to dismiss for failure to state a claim may not be granted if the defendant filed an answer to the complaint before filing the motion.") (citing *United States v. Stinson*, 386 F. Supp. 2d 1207, 1211 (W.D. Okla. 2005)); Fed. R. Civ. P. 12(b)(6).

In sum, the Court makes the following findings and orders:

- The Court **GRANTS** Defendants' Motion for Leave to File Motion to Dismiss out of Time;

- The Court Clerk's office shall re-docket ECF No. 23-1 as a new docket entry titled "Defendants' Motion to Dismiss and Brief in Support;" and

- Plaintiffs shall have until **March 14, 2025,** to file a response to the Motion to Dismiss.

ENTERED on February 21, 2025.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE