### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANIEL SALDIVAR, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>OKLAHOMA DEPARTMENT )<br>OF CORRECTIONS, et al., )<br>)<br>Defendants. ) | Case No. CIV-24-00442-PRW |

### ORDER

Before the Court is United States Magistrate Judge Shon T. Erwin's Report and Recommendation (Dkt. 30), which recommends that the Court grant in part and deny in part the Motion to Dismiss filed by Defendants Oklahoma Department of Corrections and Steve Harpe (Dkt. 27). Harpe and the Department timely objected (Dkt. 32). For the reasons given below, the Court **ADOPTS** Judge Erwin's Report and Recommendation (Dkt. 30) **IN PART**.

*Background*

Plaintiffs are convicted state prisoners who have sued Defendants under 42 U.S.C. §§ 1981 and 1983, seeking to recover damages that they allege they suffered in violation of the Eighth Amendment while they were incarcerated at the Great Plains Correctional Center in Hinton, Oklahoma. Specifically, they allege that they were inhumanely confined in shower stalls on various occasions throughout August 2023.

1

*Legal Standard*

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."[1] An objection is "proper" if it is both timely and specific.[2] A specific objection "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."[3] In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.[4]

*Analysis*

Harpe and the Department raise a single objection: that Plaintiffs have not stated a claim for prospective injunctive relief against them. Because Judge Erwin correctly identified and discussed the pleading standard in his Report and Recommendation, the Court need not restate it here. It is helpful, however, to briefly review the Eleventh Amendment framework governing this claim. Although the Eleventh Amendment bars federal court jurisdiction over agencies and officials "for both money damages and injunctive relief," it does not bar claims seeking prospective injunctive relief in order to "end a continuing violation of federal law."[5] "Determining whether a request for injunctive

---

[1] Fed. R. Civ. P. 72(b)(3).

[2] *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1059 (10th Cir. 1996).

[3] *Id.* (citation and internal quotation marks omitted).

[4] *Summers v. State of Utah*, 927 F.2d 1165, 1167–68 (10th Cir. 1991).

[5] *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1196–97 (10th Cir. 1998) (quoting *Seminole Tribe*, 517 U.S. at 73.

relief is prospective requires a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective."[6]

In their Motion, Harpe and the Department argue that Plaintiffs do not allege an ongoing constitutional violation, as the Complaint alleges that Plaintiffs are no longer housed in the showers and contains no indication that this practice would occur again.[7] As Judge Erwin noted, however, the Plaintiffs alleged that the practice of housing inmates in shower stalls was widespread throughout multiple Department of Corrections facilities.[8] And although the Complaint alleges that changes were implemented at the Great Plains Correctional Center to discontinue the practice, it contains no indication that these changes were implemented systemwide.[9] Judge Erwin therefore correctly concluded that the Complaint—viewed in the light most favorable to Plaintiffs[10]—plausibly alleges an unremedied systemic practice, for which Plaintiffs seek prospective relief.

Nonetheless, Plaintiffs have not alleged facts that show they have standing to seek such relief. Courts may *sua sponte* raise the issue of standing for the first time at any stage

---

[6] *Buchheit v. Green*, 705 F.3d 1157, 1159 (10th Cir. 2012) (cleaned up and citation omitted).

[7] Mot. to Dismiss (Dkt. 27), at 9–10.

[8] R. & R. (Dkt. 30), at 21–22 (citing Pet. (Dkt. 1-2), at 9–10).

[9] *See* Pet. (Dkt. 1-2), at 10 ("The investigation underscored the need for policy review and revision at the [Great Plains Correctional Center] *and within the* [Oklahoma Department of Corrections], particularly concerning the treatment of inmates and the use of solitary confinement or similar punitive measures." (emphasis added)).

[10] *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 855 (10th Cir. 1999) (citation omitted).

of litigation.[11] Plaintiffs bear the burden of establishing standing for each form of relief sought.[12] In order to do so, a plaintiff must allege "such a personal stake in the outcome of the controversy as to warrant *his* invocation of federal-court jurisdiction."[13] "To seek injunctive relief, a plaintiff must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." [14] Past injury, without "some credible threat of future injury[,]" is insufficient to confer standing.[15]

Plaintiffs have not sufficiently alleged that they face a concrete, particularized, actual, imminent, and credible threat of future harm. Nor do they allege facts from which the Court can conclude that prospective injunctive relief would prevent or redress such harm. Indeed, the Complaint alleges that changes have already been implemented at Great Plains, "discontinuing the use of shower cells for temporary holding of inmates and ensuring proper documentation for inmates sent to the [Special Management Unit shower

---

[11] *New England Health Care Emps. Pension Fund v. Woodruff*, 512 F.3d 1283, 1288 (10th Cir. 2008).

[12] *Lippoldt v. Cole*, 468 F.3d 1204, 1216 (10th Cir. 2006).

[13] *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (emphasis in original).

[14] *Id.* at 493.

[15] *Winsness v. Yocom*, 433 F.3d 727, 735 (10th Cir. 2006).

cells]."[16] Therefore, dismissal of Plaintiffs' claims for prospective injunctive relief without prejudice is appropriate.[17]

The Court reviews the unobjected-to portions of the Report and Recommendation to confirm that there is no clear error on the face of the record.[18] Finding none, the Court concurs with Judge Erwin's well-reasoned conclusions and analysis.

## *Conclusion*

Accordingly, the Court **ADOPTS** the Report and Recommendation (Dkt. 30) **IN PART** and **GRANTS IN PART** and **DENIES IN PART** the Motion to Dismiss (Dkt. 27).

The Court **GRANTS** the Motion and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' (1) claims seeking monetary damages and injunctive relief against Defendants Oklahoma Department of Corrections and Steve Harpe in his official capacity; (2) Section 1981 claims; and (3) claims against Steve Harpe in his individual capacity.

The Court **DENIES** the Motion as to Plaintiffs Wolfe, Pruitt, Hernandez, and Hicks's Eighth Amendment claims against the remaining Defendants.

Additionally, the Court **DISMISSES** Defendant Oklahoma Department of Corrections as a duplicative party.

---

[16] Pet. (Dkt. 1-2), at 10.

[17] *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) (citation omitted) (Because "standing is a jurisdictional mandate" dismissal for lack of standing should be without prejudice.).

[18] *Summers v. State of Utah*, 927 F.2d at 1167–68.

**IT IS SO ORDERED** this 15th day of July 2025.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE