**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DANIEL SALDIVAR et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-24-442-PRW** |
| | ) | |
| **OKLAHOMA DEPARTMENT OF** | ) | |
| **CORRECTIONS et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

This action is before the Court on Plaintiffs' "Motion for Limited, Expedited Discovery Under Rule 26(d)(1) to Identify Doe Defendants and Request for Entry of a Protective Order." (ECF No. 35). Upon consideration of the Motion and the applicable case law, the undersigned **GRANTS** the Motion.

## I.    BACKGROUND

Plaintiffs are convicted state prisoners who filed a lawsuit under 42 U.S.C. § 1983, alleging that they were inhumanely confined in shower stalls on various occasions throughout August 2023 in violation of the Eighth Amendment while they were incarcerated at the Great Plains Correctional Center (GPCC) in Hinton, Oklahoma. *See* ECF No. 1-2. As Defendants, Plaintiffs named the Oklahoma Department of Corrections (DOC); Steven Harpe, the Director of the DOC; "John or Jane Does 1-4," employees and/or agents of the GPCC; and "John or Jane Does 5-6," shift supervisors and/or administrators at GPCC. (ECF No. 1-2). On July 15, 2025, the Court dismissed Director

Harpe and the DOC as parties, with only the "John and/or Jane Does" remaining as Defendants on the Eighth Amendment claims. (ECF No. 34).

Currently before the Court is Plaintiffs' Motion, stating:

> Plaintiffs move under Fed. R. Civ. P. 26(d)(1) for a narrow, expedited discovery order authorizing a single Rule 45 subpoena duces tecum (documents/ESI only; no testimony) to the Oklahoma Department of Corrections ("ODOC") Custodian of Records for identity-only information necessary to name the John/Jane Doe correctional officers and supervisors personally involved in the alleged August 2023 incidents at Great Plains Correctional Center ("GPCC"), with a compliance date no earlier than 21 days after service and a place of compliance consistent with Rule 45(c).

(ECF No. 35:1).

## II.    ANALYSIS

Under Federal Rule of Civil Procedure 26(d)(1), discovery generally may not commence until after the parties have conferred as required by Rule 26(f). *See Qwest Commun. Intern., Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003). The court may, however, "in the exercise of its broad discretion, alter the timing, sequence, and volume of discovery" upon a showing of good cause. *Id.*; *see also Liberty Media Holdings, LLC v. Colo. Members of Swarm*, No. 11-cv-01170-WJM-KMT, 2011 WL 1812554, at *1 (D. Colo. May 12, 2011) (citations omitted). The early discovery must be "narrowly tailored to seek information necessary to support expedited or preliminary relief." *Avaya, Inc. v. Acumen Telecom Corp.,* No. 10-cv-03075-CMA-BNB, 2011 WL 9293, at *2 (D. Colo. Jan. 3, 2011).

Good cause to permit early discovery may exist where the plaintiff seeks to ascertain the identity of an unknown defendant. *See, e.g.*, *Arista Records LLC v. Does 1–9,* No. 07-cv-00628-EWN-MEH, 2007 WL 1059049, (D. Colo. Apr. 4, 2007) (permitting

issuance of subpoenas on third party ISPs for purpose of ascertaining identity of Doe defendants); *Adv. Career Techs., Inc. v. Does 1–10*, No. 13-cv-00304-WJM-KLM, 2013 WL 1934005, at *1 (D. Colo. Mar. 11, 2013) ("[T]here is no other feasible method for Plaintiff to obtain the identity of John Does 1–10 other than through service of third party subpoenas prior to the commencement of discovery in this matter ... The Court thus finds that good cause exists to permit Plaintiff to serve subpoenas on third parties with the purpose of discovering the Doe Defendants' identities.").

The court finds that good cause exists here to permit Plaintiffs to conduct limited, expedited discovery to discover the identity(ies) of the John/Jane Doe Defendant(s). In the Motion, Plaintiffs' counsel represents that, before he filed the instant motion, he attempted to obtain the State's consent to provide the names of the applicable Doe Defendnats without a motion, but has been unsuccessful in his attempts. (ECF No. 35:2-3). Therefore, to obtain the information, Plaintiffs' counsel states that he intends to serve a subpoena to a non-party, the Oklahoma DOC Custodian of Records. *See* ECF No. 35.

In *Arista Records,* a copyright infringement action, the court permitted expedited discovery regarding a third-party Internet Service Provider ("ISP") for the limited purpose of allowing the plaintiffs to "determine the true identities of the Doe Defendants." *Arista Records*, 2007 WL 1059049, at *1–2. The court authorized the plaintiffs to serve a subpoena on the ISP to "seek[ ] information sufficient to identify each Defendant's true name, address, telephone number, e-mail address, and Media Access Control address. *Id.* at *2. Here, in the Complaint, Plaintiffs allege that the Doe Defendants violated the Eighth Amendment through these actions:

- Defendant Doe(s) held Plaintiff Daniel Saldivar in a shower stall without clothing and forced him to stand in his own waste for four nights. When Plaintiff asked Defendant Doe(s) why they had placed him in these conditions, he heard Defendant Doe tell another GPCC employee, "He's a sex offender." While being confined in a shower stall, Plaintiff Saldivar was aware of at least two other inmates in adjacent shower stalls being held in similar conditions. After a fellow inmate provided Plaintiff Saldivar a shirt, he used it in to attempt suicide, which prompted GPCC officials to finally remove him from the shower stall;

- Defendant Doe(s) placed Plaintiff Michael Wolfe, who already faced mental health challenges and had previously attempted suicide on two occasions, in the same conditions for two nights in August;

- Defendant Doe(s) placed Plaintiff Zurrell Hernandez in a shower stall on three occasions for twenty-four-hour periods. Defendant Doe(s) also pepper-sprayed Plaintiff Hernandez prior to one of those confinements;

- Defendant Doe(s) confined Plaintiff Larry Pruitt in the Special Housing Unit ("SHU") for weeks without sheets, blankets, a mattress, and electricity, while also failing to provide sufficient food and water. Defendant Doe(s) also placed him in a shower stall for an extended period and sprayed him with pepper spray while confined therein;

- Defendant Doe(s) held Plaintiff Ronnie Smith, II, in a 2' x 2' space for forty two hours; and

- Defendant Doe(s) locked Plaintiff Christopher Hicks in a shower stall for thirty six hours in mid-August, while also failing to provide sufficient food and water.

(ECF No. 1-2:1-3, 5-7). Because it appears likely that Plaintiffs' counsel will continue to be unsuccessful in his attempts to identify the John/Jane Doe Defendant(s) without the benefit of formal discovery mechanisms, the court finds that Plaintiffs should be permitted to conduct expedited discovery, pursuant to Rule 45, for the limited purpose of discovering the identity(ies) of the John/Jane Doe Defendant(s).

Plaintiffs' counsel also attaches as an exhibit, a copy of the proposed subpoena that he intends to serve upon the DOC records custodian, *see* ECF No. 35-1, and the

court finds that the proposed subpoena is narrowly tailored as to scope and purpose to identify the Doe Defendants. *See* ECF No. 35-1. The Court thus finds that good cause exists to permit Plaintiffs to serve the subpoena. The Court also find that the proposed Protective Order submitted by Plaintiffs is appropriate to protect the sensitive nature of any information produced pursuant to the subpoena.

## III.   CONCLUSION

Based on the forgoing, **IT IS ORDERED** that:

- Plaintiffs' Motion for Limited, Expedited Discovery, **ECF No. 35**, is **GRANTED**;

- Plaintiffs may serve the third-party subpoena attached to the Motion, ECF No. 35-1, on the custodian of records at the DOC, no later than **February 19, 2026**;

- Plaintiffs shall also serve the non-party a copy of this Order with the subpoena;

- Plaintiffs may only use the information disclosed in response to the subpoenas for the purpose of identifying the John/Jane Doe Defendants against whom allegations are directed under the Eighth Amendment by Plaintiffs Saldivar, Wolfe, Hernandez, Hicks, Smith, and Pruitt, as set forth above; and

- The protective order as provided by Plaintiffs in ECF No. 35-2 shall be entered.

ENTERED on January 20, 2026.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE