**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DANIEL SALDIVAR et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CIV-24-442-PRW |
| | ) | |
| OKLAHOMA DEPARTMENT OF | ) | |
| CORRECTIONS et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This action is before the Court on Plaintiffs' "Motion to Compel Compliance with Court-Authorized Rule 45 Subpoena to Nonparty Oklahoma Department of Corrections." (ECF No. 40). "Plaintiffs ask the Court to order DOC to produce the subpoenaed identity-only records within seven days, or by such shorter deadline as the Court deems appropriate; overrule DOC's procedural objection; deem Plaintiffs' Rule 45(a)(4) and LCvR45.1 notice adequate under the circumstances; and award Plaintiffs their reasonable expenses, including attorney fees[.]" (ECF No. 40:2). The Oklahoma DOC Custodian of Records (Records Custodian) has filed a response in opposition to the motion. (ECF No. 41). Upon consideration of the Motion and the applicable case law, the undersigned **DENIES** the Motion.

## I.    BACKGROUND

Plaintiffs are convicted state prisoners who filed a lawsuit under 42 U.S.C. § 1983, alleging that they were inhumanely confined in shower stalls on various occasions throughout August 2023 in violation of the Eighth Amendment while they were incarcerated at the Great Plains Correctional Center (GPCC) in Hinton, Oklahoma. *See*

ECF No. 1-2. Plaintiffs' remaining claims assert violations of the Eighth Amendment against "John and/or Jane Doe" Defendants. (ECF No. 34).

On January 20, 2026, the Court authorized Plaintiffs to serve a subpoena duces tecum on the Records Custodian, a nonparty, to discover the identity(ies) of the John/Jane Doe Defendant(s) and issued a protective order governing any sensitive information produced in response to the subpoena. (ECF Nos. 36, 37). The subpoena was addressed to the Records Custodian "c/o Kari Hawkins, General Counsel[.]" (ECF No. 35-1). On the same date, "Plaintiffs emailed [Ms.] Hawkins the subpoena, the Court's discovery order, and the protective order." (ECF No. 40:5, 40-6:3).

On March 23 and April 7, 2026, Plaintiffs issued new subpoenas and filed notices with the court. (ECF Nos. 38, 39). These subpoenas are addressed to Ms. Hawkins, not to the Records Custodian, and state that they are "a reissuance of the Rule 45 subpoena previously served electronically on you which called for ODOC's document custodian to produce the records[.]" *Id.*; *see* (ECF No. 41:2-3). Ms. Hawkins "is not the custodian of the records sought in the subpoena at issue." (ECF No. 41:2). "Plaintiffs . . . served copies by email on Ms. Hawkins, Lauren Ray, and Lexie Norwood, and personally delivered the subpoena[s] to DOC's . . . . executive/administrative offices[.]" (ECF No. 40:5, 40-6:5, 9, 11-12 (April 8, 2026 email from Plaintiffs' counsel to Ms. Hawkins indicating that he "left [the subpoena] with the corporal working the reception desk on the first floor who assured me he would see that you received it promptly")).

"Counsel for Plaintiffs and DOC have conferred by telephone about DOC's failure to produce the subpoenaed documents several times between January 20, 2026 and May 3, 2026. During these conferences, Ms. Hawkins continuously maintained that DOC would

not produce records because Plaintiffs allegedly did not comply with Rule 45(a)(4) and LCvR45.1." (ECF No. 40:3). Plaintiffs have not personally served the Records Custodian, the person named in the subpoena. (ECF No. 41:2). "At no time did the agency General Counsel ever offer to accept service of the subpoena on behalf of its named person, the agency's custodian of records, via email or otherwise." *Id.*

## II.    ANALYSIS

### A.    Adequacy of Service (Federal Rule of Civil Procedure 45(b)(1))

Federal Rule of Civil Procedure 45(b)(1) governs the service of a subpoena and requires service by "delivering a copy to the named person[.]" "The predominant view appears to be that the delivery must be directly delivered by a process server personally (often referred to as 'personal service')." *In re Newbrook Shipping Corp.*, 31 F.4th 889, 897 n.9 (4th Cir. 2022) (citing 9A WRIGHT & MILLER'S FEDERAL PRACTICE AND PROCEDURE § 2454 (3d ed. 2021)).

Plaintiffs argue that "DOC had actual notice of the subpoena" through emails to opposing counsel and personal delivery "to DOC's executive/administrative offices[.]" (ECF No. 40:5). "Some courts have ventured beyond that required by the Rules to permit service by any means that provides actual notice." *Newbrook Shipping Corp.*, 31 F.4th at 897. "[T]here is no binding precedent in the Tenth Circuit addressing whether Rule 45 requires hand-to-hand service." *Souza v. Thurston*, 819 F. App'x 636, 639 (10th Cir. 2020).

Here, the Court need not decide whether to deem Plaintiffs' attempts to serve the subpoena sufficient for purposes of Rule 45, because it is clear that Plaintiffs have yet to

serve the Records Custodian – the proper respondent to the subpoena – by any means.[1] *See Katz v. Beebe Healthcare*, No. CV 22-625-WCB, 2024 WL 5118423, at *7 (D. Del. Dec. 16, 2024) (personal service on an attorney or other member of a person's workplace "does not constitute 'delivering a copy to the named person' within the meaning of Rule 45(b)(1)" (collecting cases)); *Est. of Angelo v. Bd. of Cnty. Comm'rs of Jefferson Cnty., Colo.*, No. 23-CV-01607-CNS-STV, 2026 WL 1265385, at *3 (D. Colo. May 7, 2026) ("Because Plaintiff has failed to demonstrate sufficient diligence in attempting personal service, the Court need not determine whether Rule 45 permits substitute service by email or certified mail under the circumstances presented here."); *Bank of Oklahoma, N.A. v. Arnold*, No. 06-CV-543-GKF-PJC, 2008 WL 482860, at *3 (N.D. Okla. Feb. 20, 2008) ("declin[ing] the government's invitation to interpret Rule 45(b)(1) so broadly as to allow service of a subpoena by email"); *cf*. *CMI Roadbuilding, Inc. v. Bohr Precision Machining, Inc.*, No. 20-MC-13, 2020 WL 3964388, at *2 (E.D. Wis. July 13, 2020) (observing that due to the limited information listed on a subpoena's service receipt, "the court does not know whether [the name listed on the subpoena receipt] was 'a clerk or other person in charge' of the respondent's office, as required by Fed. R. Civ. P. 5(b)(2)(B)(i)").

The Court is sympathetic to Plaintiffs' frustration by the monthslong delay in obtaining this discovery, and notes that DOC counsel have not been helpful in streamlining their efforts. *See, e.g., Bank of Oklahoma*, 2008 WL 482860, at *3. "The

---

[1] The Court also notes that Plaintiffs' certificate of service in connection with the instant motion reveals no attempt to serve the Records Custodian with a copy. (ECF No. 40:14); *see United States v. Shvets*, 154 F.4th 74, 100 (3d Cir. 2025) ("We conclude Shvets is not entitled to relief because her subpoena was not served properly and her motion to enforce it was not served on [the respondent] at all.").

fact that . . . personal service [is] 'difficult to accomplish,' however, does not waive the requirement for personal delivery of the subpoena." *Rountree v. FedEx Ground Package Sys., Inc.*, No. 3:23-CV-1089-N-BW, 2025 WL 2405210, at \*10 (N.D. Tex. June 25, 2025) (collecting cases), *report and recommendation adopted*, 2025 WL 2401328 (N.D. Tex. Aug. 19, 2025); *see Est. of Angelo*, 2026 WL 1265385, at \*3 ("serv[ice] by alternative means after minimal effort [is] a result inconsistent with the diligence required under Rule 45[]"). Moreover, Plaintiffs' counsel has exacerbated the issue by wholly failing to make any attempt to comply with clear procedural requirements.[2]

Without expressly moving to quash the subpoena, the Records Custodian argues that "the subpoenas at issue were improperly and untimely issued." (ECF No. 41:5). Because revoking Plaintiffs' permission to issue the subpoena duces tecum at this point would effectively end the lawsuit, the Court offers Plaintiffs one more chance to obtain this discovery. Plaintiffs' counsel shall have one final opportunity to issue a subpoena duces tecum addressed to the proper respondent that complies with Federal Rule of Civil Procedure 45 and to attempt to personally serve the subpoena on the Records Custodian. If Plaintiffs' efforts to personally serve the Records Custodian prove unsuccessful, Plaintiffs' counsel may file a motion for alternative service demonstrating clearly what diligent efforts they have made to effect personal service and by whom. The Court strongly suggests that all counsel work together on avoiding the need for such a motion.[3]

---

[2] As a result, the Court denies counsel's request for any award of fees or costs.

[3] Of course, any party or person may invoke other remedies in response to the subpoena. LCvR 45.1.

B.    **Prior Notice Requirement (Federal Rule of Civil Procedure 45(a)(4) and LCvR 45.1)**

The Records Custodian further argues that Plaintiffs' subpoena violates the prior notice requirements of Fed. R. Civ. P. 45(a)(4) and LCvR 45.1.[4] (ECF No. 41:3-5). "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4). Additionally, this Court requires parties to file the notice "at least 7 days before the subpoena is served on the person to whom it is directed." LCvR 45.1(b).

Plaintiffs argue that they "gave the only meaningful notice possible[]" through filing the notice on the docket and emailing "all known counsel." (ECF No. 40:8 (emphasis in original omitted)).[5] The Court agrees. *See Jones v. Unknown-Unname*, No. 8:21CV251, 2025 WL 26656, at *2 n.2 (D. Neb. Jan. 3, 2025); *see also* (ECF No. 41:5) (acknowledging that "Plaintiffs' claims are a matter of public record[]"). Accordingly, absent a motion to the contrary, the Court will deem a notice and copy of a subpoena filed on the Court's

---

[4]  The subpoenas also fail to "set out the text of Rule 45(d) and (e)" as required by Fed. R. Civ. P. 45(a)(1)(iv). However, the Records Custodian has not raised any objection to this "technical oversight." *Rittgers v. Hale*, No. 17-4019-SAC-KGG, 2018 WL 338218, at *2 (D. Kan. Jan. 9, 2018).

[5]  Plaintiffs point out that Ms. Ray and Ms. Norwood are listed on the Court's docket as counsel of record for the John Doe defendants. (ECF No. 40:10-11). This appears to be a clerical error, as their entries of appearance do not list the John Doe defendants. (ECF Nos. 4, 5); *see also* (ECF No. 35:3 (advising the Court that Ms. Ray and Ms. Norwood "telephoned [Plaintiff's] counsel to advise that they were no longer in this case as Mr. Harpe and the ODOC had each been dismissed.")).

docket a sufficient means of providing the notice required by Rule 45(a)(4) to the John Doe defendants and to the Oklahoma Department of Corrections.

As for Plaintiffs' request that the Court deem the timing of the notice they provided "adequate under the circumstances" for purposes of LCvR 45.1, (ECF No. 40:2, 10 (arguing that the Court can waive local-rule requirements pursuant to LCvR 1.2(c)), "courts in this circuit" have found as little as three hours' notice sufficient. *Martley v. City of Basehor, Kansas*, No. 19-02138-DDC-GEB, 2022 WL 1302820, at *3 & n.10 (D. Kan. May 2, 2022) (quotation modified; citing *Osborne v. Google Inc.*, No. 18-mc-32-JCH, 2019 WL 1472311, at *2 (D.N.M. April 3, 2019)). Here, however, the Court finds that the purpose of the seven-day notice requirement is important to protect the interests of the John Doe defendants and the Oklahoma Department of Corrections, particularly where Plaintiffs cannot directly serve the John Doe defendants with the required notice. *See* (ECF No. 41:5). Accordingly, Plaintiffs must comply with the waiting period set forth in the Local Rule. The Court reminds Plaintiffs that if "any party . . . file[s] a motion to preclude service of the subpoena, . . . . the subpoena shall not be served on the person to whom it is directed until the motion is determined." LCvR 45.1(b).

## III.    CONCLUSION

Based on the foregoing, **IT IS ORDERED** that:

- Plaintiffs' Motion **ECF No. 40**, is **DENIED**;

- Plaintiffs' counsel shall issue a new subpoena duces tecum which fully complies with Rule 45 and is addressed to the proper non-party respondent, no later than **June 29, 2026**, and shall file a copy of the subpoena together with the notice required by Rule 45(a)(4) and LCvR 45.1 on the court's docket by the same date;

- Absent any motion to the contrary, Plaintiffs shall serve the non-party respondent a copy of this Order with the subpoena in accordance with Rule 45(b)(1) and LCvR 45.1(a);

- Plaintiffs may only use the information disclosed in response to the subpoenas for the purpose of identifying the John/Jane Doe Defendants against whom allegations are directed under the Eighth Amendment by the remaining Plaintiffs; and

- The protective order as entered on January 20, 2026 (ECF No. 36) remains in effect.

ENTERED on June 18, 2026.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE